Wood v. White.

GEORGE WOOD, *in equity, versus* WHITE & *al., Ex'rs.*

The equity powers of this court extend to the correction of mistakes in a will.
Where the testator, in the will, has mistaken the christian name of a legatee, the error may be corrected, as to its effect, on a Bill in Equity.

BILL IN EQUITY, alleging that this plaintiff was indebted to Nathaniel Wilson upon two notes of hand secured by separate mortgages of real estate; one of said notes dated in 1845, for $1000, at two per cent. interest, the payment not to be called for under ten years; the other dated in 1846, for $175 in ten years, with annual interest : —

Also further alleging that the last will of said Wilson, which has been duly approved, after making certain specific legacies, gave and devised all his estates, real and personal, to his executors, in trust for certain uses, &c., and among the legacies was the following : —

"I give to J. Wood of Belfast, the whole amount, principal and interest, he may owe me at the time of my decease, which is secured to me by mortgage, and I do direct my executors to release said mortgage ·forever to the said J. Wood, as soon as may be after my decease ;" —

Also further alleging that said bequest was made for the benefit of this plaintiff, and that the name "J. Wood," instead of George Wood, was inserted in the will by mistake, &c., and that the plaintiff has applied to the executors for a release of the mortgage and a surrender of the notes. Wherefore, &c.

The answer of the executors, alleges their belief that this plaintiff is the person, for whom the said bequest was intended, and that the name of "J. Wood" was inserted in the will by mistake, instead of George Wood, &c.; also that the notes are not needed, for payment of any·debts or legacies.

Abstract of evidence as agreed to by parties.

Nathaniel Wilson, the testator, died in Boston on the day after the execution of his will. Said will was drawn, by his directions, by a scrivener, who was a stranger to the names of the legatees. At the time it was drawn, said testator was very sick.

Said complainant married, in 1838, a niece of testator, in whose welfare he had taken a deep interest. Friendly relations had continued to exist between testator and complainant to the time of his death.

The money for which the largest note was given was loaned by testator to complainant to aid him in purchasing a farm, and the money for which the smallest note was given was loaned for the purpose of aiding him in purchasing another parcel of land, contiguous to the parcel first purchased.

Testator has been absent from Belfast most of the time for last twenty years ; his residence there being only occasional.

Complainant has received letters from testator when abroad, addressed to him as J. Wood.

Testator held no notes, claim, nor mortgage against any person by the name of J. Wood,· at the time of making his will, or at his decease.

The two parcels described in the two mortgages together constitute complainant's farm.

There are two persons resident in Belfast, known by the name of J. Wood, viz. James Wood and Joseph Wood, neither of whom ever had any business transaction with said testator and neither of whom claims to be the legatee named in the will ; no other person resident in town, whose name is the same, or resembles it.

Nothing has ever been paid on either of said notes, nor any demand for payment made ; complainant has remained in undisturbed possession of the mortgaged premises.

The cause was submitted to the determination of the court without argument ; but the following authorities were cited in support of the positions that the subject-matter is within the jursdiction of the Court, and that the facts disclosed will justify them in proving the decree prayed for. 20 Pick. 368 ; *Dimmock & al.* v. *Bixby & al.* cited with commendation in *Savings Institution* v. *Makin*, 23 Maine, 373 ; *Tucker & als.* v. *Seamen's Aid Society & als. ib.* 7 Metc. 188 ; *Minot*

---

---

*&* al. v. *Boston Asylum, &c. ibid,* 418 ; *Sutton* v. *Cole,* 3 Pick. 232.

WELLS, J., orally. — A question has suggested itself, whether the heirs should not be made parties ; but we think the rightful parties are before the court. Where, as in this case, the executors have control of all the estate, no other parties need be introduced. Executors or administrators may discharge mortgages and surrender notes.

The only question then is, whether the bequest can be corrected by substituting " George Wood" for J. Wood.

Courts are often called upon to adjudicate as to devises and legacies, when there are several persons of the same name. Such cases present a latent ambiguity.

In this case, the complainant is not of the name, mentioned in the will. There is no latent ambiguity. It is a case of misdescription. Can the court inquire who was meant ? There is jurisdiction as to mistakes, as well in regard to wills as to other matters. The testimony makes it very apparent, that there was a mistake in the name, which ought to be corrected, and we consider that the power to do it exists in the court.

*Prayer of the bill is allowed.*