296                    ALABAMA.

Doe ex dem. Hughes et al. v. Wilkinson.

the bill; and let the defendant in error be taxed with the cost of this court and the court below.

— — - — .— .— —.. —. .—.——

DOE EX DEM. HUGHES ET AL. *vs.* WILKINSON.

1. Where the fee of lands was in the wife by inheritance, the deed of husband and wife, acknowledged in the ordinary form, would not, previously to the passage of the act of 1848, pass the fee to the grantee; her title could only be conveyed by deed acknowledged by her on private examination.

2. Husband and wife, by deed dated May 16, 1839, conveyed lands belonging to the wife in fee simple by inheritance, and the certificate of acknowledgment appended to the deed recited, that, "on the 16th and 17th day of May 1839," they "both personally appeared," &c., and "acknowledged the above instrument to be their free act and deed." The wife also executed a conveyance, dated May 17, 1839, and written on the back of the said deed, by which she remised, released, relinquished and forever quit-claimed, to the said grantee, all right, title, interest and claim to dower, which she then had as wife of the said grantor, or might thereafter have as his widow, to the lands and premises conveyed; and at the foot of this instrument, was written the certificate of a justice of the peace, that, on said 17th May, 1839, on private examination, separate and apart from her husband, "she acknowledged that she signed, sealed, and delivered *the foregoing instrument,* as her voluntary act and deed," &c. *Held*:

That the last certificate applied only to the conveyance immediately preceding it, and did not extend to the deed executed by husband and wife; and that, upon her death, if she survived him, or upon his death, if he survived her, the fee vested in her heirs at law, and they could immediately assert it against the tenant in possession.

ERROR to the Circuit Court of Montgomery.

Tried before the Hon. JNO. GILL SHORTER.

The plaintiffs brought ejectment against the defendant to recover possession of lot No. 5, in the city of Montgomery, claiming title as heirs at law of Mrs. Jane A. E. McBryde, deceased. The defendant set up title under a deed of bargain and sale, made by Edward A. McBryde and the said Jane A. E. Bryde, his wife, to one Homer Blackman, under whom the defendant holds the premises by purchase.

It was agreed between the parties in the court below, as appears by the bill of exceptions, that the following are the

facts concerning the title: The premises sued for and described in the deeds, hereafter more particularly noted, were the inheritance of Mrs. Jane A. E. McBryde, in whom was the fee, at the time the deeds were signed and executed. These deeds were made while she was the wife of Edward A. McBryde, and after she was twenty-one years of age.

The first deed alluded to, is an ordinary deed of bargain and sale, for the consideration of one thousand dollars, from Edward A. McBryde, and Jane A. E., his wife, to Homer Blackman for the premises in dispute, bearing date the 16th day of May, 1839. This deed is subscribed and sealed by both the grantors named in it, and has the following certificate attached to it:

"The State of Alabama, } ss.
Montgomery County. }

I, Robert Parker, a justice of the peace, and notary public in and for said county, duly commissioned and sworn, do hereby certify, that, on the 16th and 17th days of May, 1839, the above named Edward A. McBryde, and Jane Ann Elizabeth McBryde, wife of Edward Augustus McBride, both personally appeared before me and acknowledged the above instrument to be their own free act and deed.

Given under my hand the day and year above written.
ROBERT PARKER, J. P. & N. P."

On the back of this deed is the following instrument, made by Mrs. McBryde alone:

"Know all men by these presents, that I, Jane A. E. McBryde, wife of Edward Augustus McBryde, the grantor within named, for, and in consideration of the sum of one dollar, to me in hand paid, the receipt whereof I do hereby acknowledge, do hereby remise, release, relinquish and forever quitclaim to Homer Blackman, the grantee within named, his heirs and assigns, all right, title, interest and claim to dower which I now have as the wife of the said Edward Augustus McBryde, or may hereafter have as his widow, in and to the lands and premises within described. In witness whereof, I

20

298 ALABAMA.

Doe ex dem. Hughes et al. v. Wilkinson.

have hereunto set my hand and seal, this 17th day of May, 1839. JANE A. E. McBRYDE. (Seal.)

Signed, sealed and delivered, }
    in the presence of }

    ROBERT PARKER.

This is accompanied and followed by the following certificate, viz:

"The State of Alabama, }
Montgomery County. }

I, Robert Parker, a justice of the peace, and notary public of the county aforesaid, do hereby certify, that I have this day examined the above named Jane A. E. McBryde, wife of Edward Augustus McBryde, privately, and apart from her said husband, and that on such private examination, she acknowledged that she signed, sealed and delivered the foregoing instrument as her voluntary act and deed, freely, without any threat, fear or compulsion of her said husband.

In witness whereof I have hereunto set my hand this seventeenth day of May, 1839.

ROBERT PARKER, J. P. & N. P."

The Circuit Court was of opinion, and so instructed the jury, that on the above facts, and under the said instruments and certificates, the estate of Mrs. Jane A. E. McBryde, in the premises, passed to the grantee or purchaser. To this ruling of the court the plaintiffs excepted, and it is here assigned for error.

ELMORE & YANCEY, for plaintiffs in error.

A. MARTIN, contra.

LIGON, J.—Where the fee of land is in the wife, she having received it by inheritance, the deed of the husband and wife, acknowledged in the ordinary form, as the first deed in this record seems to have been, would not pass it to the grantee, under the laws of this State; for, by these, as they existed at the time this deed was made, a married woman could part with her title to land in no other way than by deed acknowledged by her on private examination. Clay's Dig. 155, § 27.

It is clear, that, if the title of the defendant depends upon the first deed in the record, with the certificate of acknowledgment immediately following it, it must fail. This proposition was not controverted on the argument, but it was insisted, that the acknowledgment which follows the deed by which Mrs. McBryde conveyed her dower estate in the premises to Homer Blackman, the grantee, was intended by her, and should be held by the court, to extend to the deed made by her husband and herself, which purports to pass the fee to Blackman. This conclusion cannot be legitimately drawn from the record before us. From all that appears in it, the facts are these: On the 16th of May, 1839, E. A. McBryde, the husband, executed and acknowledged the deed to Blackman, and on the 17th of the same month, Mrs. McBryde also executed and acknowledged it. This inference is drawn from the certificate of the justice, and the date of that deed, together with the date of the relinquishment of dower and the certificate of its acknowledgment. By reference to the deed of McBryde and wife, it will be seen that it bears date May 16th, 1839 ; the certificate of acknowledgment is dated the 17th of that month, and recites that the deed was acknowledged by McBryde and wife on the 16th and 17th of May. On the latter day, also, Mrs. McBryde conveys her dower by deed, separate from that made by herself and husband, and, on private examination before the same justice, acknowledges its execution. The inference is, therefore, irresistible that she had no connection with the deed until that day; when, from the date of the first deed, McBryde's connection with it seems to have commenced and terminated on the 16th. On no other hypothesis can we account for the singular certificate of the justice, which recites an acknowledgment of the execution of a deed by the grantors on two separate days. The phraseology of the deed of relinquishment seems, also, to indicate, that it was written on the back of the original deed; for it designates McBryde as "the grantor within named," and is itself a separate and distinct instrument, by its terms conveying the dower interest of Mrs. McBryde, and that alone. It could not, in fact, have obtained a more distinct character, had it been engrossed on paper wholly separate from that containing the original deed.

With these facts before us, it is apparent that the certificate of the justice, which recites, that Mrs. McBryde, when examined "privately and apart from her husband, acknowledged that she signed, sealed, and delivered the foregoing instrument as her voluntary act and deed," &c., must be held to apply to the deed immediately preceding it, or the deed conveying her dower, and not to the one which was made by her husband and herself, and which purports to convey the fee.

Under this view of the case, the fee still remained in her, and on her death, if she survived her husband, or on his death, if he were the survivor, it vested in her heirs at law, who could immediately assert it against the tenant in possession.

As these conclusions are directly opposed to those attained by the court below, the judgment must be reversed, and the cause remanded.