## McBRYDE'S HEIRS *vs.* WILKINSON.

[BILL IN EQUITY TO ENJOIN ACTION AT LAW FOR RECOVERY OF LAND, AND TO REFORM CERTIFICATE TO ACKNOWLEDGMENT OF DEED OF FEME COVERT.]

1. *Certificate of acknowledgment necessary to deed of feme covert.*—Under the act of 1803 (Clay's Digest, 155, § 27), the officer's certificate to the facts of the wife's examination and acknowledgment, which was intended to afford additional protection to her rights, by guarding against the uncertain recollection of witnesses, is essential to the passing of the title, and cannot be dispensed with by the courts.

2. *Defective execution of statutory power not aided in equity on ground of mistake.*— Where the deed of husband and wife, and a relinquishment of dower by the wife, are written on the same sheet of paper ; and the officer's certificate of the wife's examination and acknowledgment is written under the relinquishment, and thereby made to apply to it, a court of equity cannot, on the ground of mistake, apply the certificate to the deed : such a bill is, in substance and effect, a bill for aiding or supplying the defective execution of a statutory power.

3. *Admissibility of parol evidence to identify subject-matter of reference in certificate of acknowledgment of deed.*—Whether parol evidence is admissible to apply and identify the reference of the words " foregoing instrument," as used in a justice's certificate of the wife's examination and acknowledgment, written on a sheet of paper containing both a relinquishment of dower by the wife and a deed signed by husband and wife, *quære*? If admissible, it may be received at law.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. WADE KEYES.

THIS bill was filed by Beverly N. ·Wilkinson, against the heirs-at-law of Mrs. Jane A. E. McBryde, deceased, seeking to enjoin an action at law for the recovery of a tract of land, and to reform the certificate of acknowledgment of one of the deeds through which the complainant deduces his title to the land. The complainant purchased from one Homer Black-man, and took from him a quit-claim deed. Blackman purchased from Mrs. McBryde and her husband, and received from them a joint deed, at the foot of which was appended the certificate of a justice of the peace, in the usual form, that both parties appeared before him, and acknowledged the execution of the deed. Underneath this certificate, and on the same sheet of paper, a relinquishment of dower was signed by Mrs. McBryde ; and at the bottom of this relinquishment, another certificate was appended by the justice, to the effect that he had examined Mrs. McBryde separate and apart from her husband, and that she acknowledged, on such private exam-ination, " that she signed, sealed, and delivered the foregoing instrument, as her voluntary act and deed, without any threats, fear, or compulsion of her said husband." These deeds and certificates are more particularly described in the report of the action at law between these same parties, in 21 Ala. 296 ; where it was held, that the words " the forego-ing instrument," used in the second certificate of the justice, referred to the relinquishment of dower, and not to the deed. The bill alleges, that the examination and acknowledgment, to which the justice certifies in ·his second certificate, were intended, both by the parties and the justice, to apply and refer to the deed, and not to the relinquishment of dower ; and that the certificate was so appended as to refer to the relinquishment, through mistake and ignorance on the part of the justice. The prayer of the bill is, that the certificate may be reformed, and the mistake be corrected, so that the words " the foregoing instrument" may be made to apply to the deed ; that the legal title · to the land may be divested out of the defendants, and vested in complainant ; that the action at law may be perpetually enjoined ; and the prayer for general relief is added.

On final hearing, the chancellor rendered a decree for the complainant ; and his decree is now assigned as error.

ELMORE & YANCEY, for the appellants.—1. ' Courts of equity only grant relief, in cases of defective execution of powers, to those who are entitled to it in a moral sense, and who are viewed with peculiar favor, and when there are no opposing equities : such are those standing on a valuable consideration, as creditors, or *bona-fide* purchasers for value ; or on a meritorious consideration, as a wife or child.—Story's Equity, §§ 95, 169, 176, 787. Equity will not relieve one claiming under a voluntary defective conveyance, against another claiming under a voluntary conveyance : there must be some actual consideration, equitable or otherwise.—*Ib.* §§ 176, 433. Those defects which are of the essence, or substance of the power, cannot be remedied.—*Ib.* § 97. Equity will not supply a surrender, nor aid the defective execution of a power, to the disinheritance of the heir ; nor in the case of a defective recovery, as against the remainder-man.—*Ib.* §§ 177, 178. These are cases in which the power is not created by statute ; and in all of them, the equity of the party seeking relief must be superior to that of the party resisting it. In the case at bar, Blackman held under a voluntary conveyance from Mrs. McBryde, which was defectively executed : she was under no obligation, legal or equitable, to convey ; she received no consideration for the deed ; no debt of hers was paid by Blackman, and no liability incurred at her request. Wilkinson bought with notice of the defect of title, took a quit-claim deed from Blackman, and stands in no better condition than his vendor. There is nothing in the transaction to bind the conscience of the heirs-at-law of Mrs. McBryde.

2. The rule is much stronger, where the power is created by statute. All the formalities required must then be complied with ; otherwise, to grant relief would, in effect, defeat the very policy of the enactment. Such powers are in their nature legal ; and where a defect in their execution occurs, no matter how meritorious the consideration may be, no relief can be given. Equity follows the law in such cases, and cannot make good, or reform, that which, in the eye of the law, never had an existence. A defective execution of such a power is the same as a non-execution.—1 Story's Equity, §§ 96, 177 ; Moreau v. Detchemendy, 18 Missouri, 522 ;

Chauvin v. Wagner, 18 Missouri, 551; Bright v. Boyd, 1 Story, 478–87; Speldt v. Lechmere, 13 Vesey, 588.

THOS. WILLIAMS, and WATTS, JUDGE & JACKSON, *contra.*— It is clear on the facts of the case, that all the requisitions of the statute, as to the execution of conveyances by a married woman, were fully complied with: the deed was executed by Mrs. McBryde; she was examined by the justice, separate and apart from her husband; she acknowledged, on such private examination, that she signed, sealed, and delivered the conveyance, as her voluntary act and deed; and the justice appended his certificate to the deed. Suppose the justice, after taking the acknowledgment, had refused or neglected to append his certificate; could a party be injured by his neglect? would not equity enjoin an action at law to recover the land? The case of a clerk-neglecting to record an instrument left with him for registration, which the statute declares void without registration, is similar.—McGregor & Darling v. Hall, 3 Stew. & P. 397; Dubose v. Young & McDowell, 10 Ala. 365. But the magistrate here did all that the statute required him to do, and only made a mistake in putting his certificate of the acknowledgment in the wrong place; and the object of the bill is, to have the certificate applied to the deed, as the parties intended it should. This cannot be called a defective execution of a statutory power. For analogous cases, in which the court has interfered to correct mistakes, see Smith v. Chapman, 4 Conn. 344; Watson v. Wells, 5 Conn. 468; Wade v. Pagett, 1 Bro. C. C. 368; Wilkie v. Holmes, 1 Sch. & Lef. 60, note; Wiser v. Blachly, 1 Johns. Ch. 607; De Reimer v. De Cantillon, 4 Johns. Ch. 85; Lindley v. Craven, 2 Blackf. 426; Glassel v. Thomas, 3 Leigh, 113; Argenbright v. Campbell, 3 Hen. & Mun. 144; Savage v. Berry, 2 Scammon, 545; Pride v. Ker Boyce, Rice's Equity R. 275; Barb. & Har. Digest, vol. 2, p. 71.

RICE, C. J.—By the old law, a married woman could only convey her lands by fine or common recovery, both of which were alienations by matter of record of great solemnity. Our statute of 1803 (Clay's Digest, 155, § 27) abolished that mode of conveyance, and provided, that "no estate of a

43

*feme covert*, in any lands, tenements, or hereditaments, lying and being in this State, shall pass" except by her deed or conveyance, and then only upon the compliance with the two following requisites, to-wit: 1st, that she should make a previous acknowledgment, on a private examination apart from her husband, before the proper officer, that she signed, sealed, and delivered the deed, as her voluntary act, free from any fear, threats, or compulsion of her husband; and, 2d, that a certificate of such private examination and acknowledgment shall be written by the officer, on or under the deed, and be signed by him. A compliance with both these requisites was essential to the passing of the title. The design of the first was, to secure the wife against any improper influence on the part of the husband. The intention of the second was, to provide additional protection to her rights, by a cotemporaneous entry by the officer, of the examination and acknowledgment; which entry would prevent that prejudice to her rights that might result from the uncertain recollection of witnesses. If the court could dispense with the certificate, it might declare the examination and acknowledgment unnecessary, and thus completely destroy the statute. The certificate of the officer can no more be dispensed with under the statute, than could an entry of record of the fine under the old law.

In the present case, there is the deed of the husband and wife, and then follows the certificate of the justice, that they both appeared before him, and " acknowledged the above instrument to be their own free act and deed." Then follows a relinquishment of dower, signed by the wife; and then the certificate of the justice, to the effect that he had examined the wife, privately and apart from her husband, and that on such private examination she " acknowledged that she signed, sealed, and delivered the foregoing instrument, as her voluntary act and deed, freely, without any threat, fear, or compulsion of her said husband."

If the words " the foregoing instrument," as used in the last-mentioned certificate, refer to the deed, and not to the relinquishment of dower, the estate of the wife in the lands mentioned in the deed passed by the deed and certificate. But, if those words refer to the relinquishment of dower, and

not to the deed, the estate of the wife in the lands did not pass. In a case at law between these same parties, reported in 21 Ala. 296, this court, *upon the agreed facts then presented*, decided that those words referred, not to the deed, but to the relinquishment of dower. But in that case, the decision was based on the deed, the certificate which followed it, the relinquishment, and the certificate which followed it, without any parol evidence tending to show the extrinsic circumstances under which the last-mentioned certificate was made, or that the words of reference therein used related or applied to the deed, and not to the relinquishment.

When that case was remanded by this court for another trial, the bill in the present suit was filed, to enjoin its further prosecution, and to correct the mistake in the last-mentioned certificate, which, the complainant alleges, was made therein by the justice, and to apply the words of reference therein to the deed instead of the relinquishment. The bill expressly states that, by the mistake or want of skill of the justice, he so drew the certificate, as to make it apply to the relinquishment, although it was really intended by him, and by the married woman, that the certificate should apply and refer to the deed. The bill is, in effect and substance, one for reforming the certificate, and aiding or supplying the defective execution of a power created by statute. It is, therefore, totally destitute of equity ; for, although a court of equity may relieve against the defective execution of a power created by a party, yet it cannot relieve against the defective execution of a power created by law, nor dispense with any of the formalities required thereby for its due execution.— Bright v. Boyd, 1 Story's Rep. 487 ; Moreau v. Detchemendy, 18 Missouri Rep. 522 ; Chauvin v. Wagner, *ib*. 531 ; 1 Story's Equity, §§ 97, 177.

The line which separates between *simple interpretation* of the instrument, and direct evidence of intention *independent of the instrument*, must be kept in view, especially in cases like this, in which the disposition of property can only operate by writing, and to which the equity doctrine, of correcting mistakes, or aiding the defective execution of powers, does not apply.—3 Phil. Ev. (edition of 1839,) 1423, 1424, 1425, 1426. We do not deem it our duty now to decide,

whether in such cases, if one instrument refers to some other, parol evidence is or is not allowable to show what the reference means, or to apply the terms of the reference. If such evidence be allowable for any such purpose as between these parties, in relation to the instruments above noticed, it is allowable in the case at law between them.—Addison on Contracts, 146–151 ; Doe v. Burt, 1 Term Rep. 703 ; 3 Phil. Ev. 1399, 1409, 1423, and "Parol Evidence" in the index thereto ; Hogan v. Reynolds, 3 Ala. 59 ; Bibb v. Reid, 3 *ib.* 91 ; Osgood v. Hutchins, 6 New Hamp. Rep. 374 ; Wood v. White, 32 Maine Rep. 340 ; Findley v. Ritchie, 8 Porter's Rep. 452.

As the bill is without equity, the chancellor erred in not dismissing it. His decree is reversed ; a decree must be here rendered, dismissing the bill ; and the complainant must pay the costs of the appeal, and of the court below.