# WADDELL *vs.* WEAVER'S ADMINISTRATORS AND HEIRS.

[BILL IN EQUITY TO ENJOIN JUDGMENT AND CORRECT A DEED.]

1. *Deed; married women's estate in land, under law of* 1844, *could only pass by.*—Under the law as it existed on the 29th April, 1844, (Clay's Digest, page 155, § 27,) a married woman's estate in lands, lying in this State, could only pass by her deed, acknowledged in the mode and manner prescribed by that statute ; or, if acknowledged, in a foreign country, in the mode and manner prescribed by §§ 4 and 5, page 152 of Clay's Digest ; and there must have been an acknowledgment of the *deed,* and not of a power of attorney to execute a deed.

APPEAL from the Chancery Court of Dallas County. Heard before Hon. J. Q. LOOMIS.

THE bill in this case was filed on the 23d February, 1865, by Phillip J. Weaver, against Frances Waddell, and Isaac M. Tidwell, as the administrator of Thomas L. Waddell, and sought to enjoin the execution of a judgment at law ; and for the further purpose of correcting a defective execution of a deed under a power of attorney. The facts are, that on the 26th April, 1844, William Waddell, jr., executed a deed, purporting to convey, as the agent of Thomas L. Waddell and Frances L. Waddell, to Phillip J. Weaver, lot number 52, in the city of Selma. Thomas L. and Frances Waddell were husband and wife, residing in the Republic of Texas, and on 22d February, 1844, executed a power of attorney to William Waddell, jr., of Alabama, authorizing him to sell and convey, in their names, the above mentioned property, making a good legal title to the same. In pursuance of this power, William Waddell, jr., sold and undertook to make a deed, conveying the legal title of Thomas L. and Frances, in and to the said lot, to Philip J. Weaver. This deed was executed in 1844, and the purchase-money paid by Weaver, but in executing the deed, William Waddell, jr., made a mistake and failed to convey the legal title

of his principals. Weaver took possession of the lot, and remained in possession, undisturbed, until the 27th day of May, 1864, when Frances Waddell instituted an action of ejectment in the circuit court of Dallas county, against Weaver, to recover said lot from him, her husband, Thomas L. Waddell having died some years before. In this action she was successful, and a writ was placed in the hands of the sheriff of Dallas county, to enforce the judgment, and thereupon the defendant at law filed this bill, praying an injunction, and asked that the legal title in and to said lot number 52 be decreed to him. The lot number 52 was conveyed to said Frances Waddell by B. M. Reynolds, on the 9th day of January, 1840, "to her special behoof and benefit, and no other whatever." In the year 1865, and after the filing of the bill in this case, Philip J. Weaver died, and on the 27th day of April, 1866, the personal representatives and heirs-at-law of said Weaver, filed their bill of revivor and supplement against said Frances and the administrator of Thomas L. Waddell. The chancellor, in his decree, held, that the complainants were entitled to the relief prayed for, and vested the title to lot number 52 in the heirs-at-law of Philip J. Weaver, and perpetuated the injunction ; from this decree the defendants appealed, and assigned the same as error.

GEORGE GAYLE ; RICE, SEMPLE & GOLDTHWAITE ; STONE, CLOPTON & CLANTON, for appellants.

PETTUS & DAWSON, contra.

A. J. WALKER, C. J.—The statute in force, when the deed, which the bill seeks to reform was made, required an acknowledgment by a *feme covert* of her deed, on private examination apart from her husband.—Clay's Digest, 155, § 27. It declares that no estate of a *feme covert* in lands lying in this State, shall pass by her deed without a previous acknowledgment, before some one of certain specified officers, and that the officer's certificate of such acknowledgment should be written on or under the deed. It is impossible to evade or construe away the emphatic declaration, that a married woman's estate in land shall not

pass without an acknowledgment that she signed, sealed, and delivered the *deed*. It is not enough that the acknowledgment is made in reference to the power of attorney under which the deed is made. The acknowledgment must relate to the deed. This is made clearer by the requirement, that the certificate should be written on or under the deed. The non-residence of the grantor does not dispense with the necessity of the acknowledgment. The case is within the statute, if the land is within the State. Provision was made by law for taking the acknowledgment of such conveyance in foreign countries. If the deed had been acknowledged in pursuance of that provision, it would have been good.

It is suggested, that the interest here was a separate estate, by the terms of the conveyance to the *feme covert,* and that the statute does not apply to deeds conveying such estates. No reason for the exemption of such estates from the operation of the law is perceived. The language is broad enough to embrace it. Formerly, *feme covert* conveyed their lands by fine and recovery. A proceeding analogous to our acknowledgments have been substituted in England for the conveyance by fine and recovery. Under both systems, the separate estates of married women were required to be conveyed in the same manner with their other estates.—Cord's Rights of Married Women, §408; *Johnson v. Yates,* 9 Dana, 500; 2 Bright on Husband and Wife, 224; 1 Leading Cases in Equity, t. p. 507, m. p. 402. A different rule might however prevail, if there was an express power of conveyance in the deed under which the *feme covert* held.

Weaver derived no title by the deed. It was wholly void, as to the *feme covert,* even though properly executed by her attorney in fact. The bill, therefore, contains no equity, and the chancellor's decree must be reversed and a decree here rendered, dismissing the bill for want of equity, at the complainant's cost.