# Blythe & Wife *v.* Dargin.

*Bills in Equity for Specific Performance of Contracts to Convey Lands.*

1. *Husband and wife; capacity of the wife to contract at common law.*—The incapacity of the wife to contract, was a canon of the common law, resulting not only from the fact that marriage deprived her of the administration of property, but also because her legal existence was suspended or merged in that of the husband.

2. *Same; capacity to contract under the statute.*—The capacity of a married woman to contract is in no wise enlarged or modified by the statute, except as to the alienation and conveyance of her estate; and in that respect the statute is *enabling,* and without conforming to its requisitions, an alienation or conveyance by her is invalid.

3. *Same; agreement of wife for sale of land can not be enforced in equity.*—The principle is well settled, that the mere agreement of the wife for the sale of her real estate, though made with the assent of the husband, is void at common law, and against her a court of equity will not enforce it.

4. *Sale of wife's statutory separate estate, how concurrence of husband must be shown.*—The statute prescribes the only mode in which the concurrence of the husband in the sale of lands belonging to the wife's statutory separate estate can be shown, and none other can be substituted or recognized by the courts.

5. *Conveyance by wife of lands belonging to her statutory separate estate; when void and not operative as a contract to convey.*—A conveyance by a married woman of lands belonging to her as her statutory separate estate, executed by her in the presence of two witnesses and acknowledged before, and certified by a justice of the peace, signed by the husband, but in which he is not named as a grantor, and which contains no words of conveyance passing or evidencing an intention to pass his estate or interest in the lands, is merely the void deed of the wife, to which the husband was not a party, and to which his concurrence was not expressed in the mode prescribed by the statute; and it can not be enforced in a court of equity as a contract to convey, although the purchase-money had been paid, and possession taken and continued by the purchaser thereunder for a period of five years.

APPEAL from Jefferson Chancery Court.

Heard before Hon. CHARLES TURNER.

In March, 1872, Adam C. Baird, Mrs. M. A. Blythe, wife of William Blythe, and S. L. Cook, wife of O. B. Cook, being siezed and possessed in equal interests, as tenants in common, of a certain lot of land in Birmingham, Mrs. Blythe and Mrs. Cook holding their interests, as their separate estates under the statute, agreed among themselves upon a partition of the lot, so that each should hold and own in sever-

VOL. LXVIII.

[Blythe and Wife v. Dargin.]

ralty a designated one third part thereof, of equal value; and thereupon, in pursuance of the agreement of partition mutual deeds of conveyance were executed by them to each other, and they went into possession of the parts of the lot allotted to them respectively. But through inadvertence William Blythe and O. B. Cook did not join with their wives in the execution of said deeds. After they had taken possession, improvements were made by each on his or her part of the lot. On the 6th June, 1872, Mrs. Blythe and her husband sold the part of said lot which was allotted to Mrs. Blythe on said partition, and also another lot of land in Birmingham of which Mrs. Blythe was also seized and possessed as her statutory separate estate, to John H. Dargin, he taking separate deeds to each lot. These deeds were both signed by Mr. and Mrs. Blythe in the presence of two witnesses, but in neither does the name of the husband appear as grantor, and neither contained any words of conveyance passing or evidencing any intention to pass the interest or estate of the husband. On the contrary, both deeds purport on their face to be merely the deeds of Mrs. Blythe. Both deed were acknowledged by the wife, but neither, by the husband. Dargin, at the time of the delivery of the deeds to him, paid to Mr. and Mrs. Blythe an adequate valuable consideration for both lots. The deeds and acknowledgments thereto were drawn up and prepared by an attorney, who had been employed by Mr. Blythe, and by him recommended to Dargin ; and in drafting the same he did not deem it necessary for Mr. Blythe to join in the execution of the deeds, or that his name should appear therein. When the parties met at the home of Mr. Blythe to consummate the trade by delivery of the deeds and payment of the purchase-money, the deeds having been read by the attorney, Dargin asked him, if it was not necessary for Mr. Blythe's name to appear in the body of the deeds, and the attorney replied that he thought not; but at Dargin's suggestion and request, Mr. Blythe also signed the deeds. In 1876, Mrs. Cook died intestate, without debts, and leaving her husband and an only child, an infant of tender years, as her only heirs at law and distributees.

On 15th February, 1877, John H. Dargin and Adam C. Baird filed their bill, setting up the foregoing facts touching the partition of said lot, the ownership thereof, the sale to Dargin of Mrs. Blythe's portion under the partition, and the execution of the deed to him therefor, as above stated ; and also averring, in substance, that the complainants, and Mrs. Blythe and husband, and Cook were satisfied with the partition, and desired to have it carried out, but that, owing to

the infancy of Mrs. Cook's child, this could not be done
without the aid of a court of equity.  The bill further avers,
that a short time prior to the filing of the bill, Mrs. Blythe
and her husband, upon discovering that the latter's name
was not in the body of the deed to Dargin, " began to set up
some claim to, or interest in said lots, thereby casting a cloud
upon complainants' titles, and preventing them from making
advantageous sales thereof," and that they had "declined
to renounce their claim to said lots by executing quit-claim
deeds, or otherwise."  The bill further avers, that Mr. Blythe,
when he signed the deed to Dargin, did so as a grantor
therein jointly with his wife, and that by such signature he
intended to convey jointly with his wife, the lot described
therein to Dargin, and that it was so understood between
them ; and that Baird had been in possession of the part of
the lot allotted to him since the partition, and Dargin had
been in possession of the part allotted to Mrs. Blythe since
his purchase, and both had erected valuable improvements.
To the bill Mr. and Mrs. Blythe and O. B. Cook and his in-
fant child were made parties defendant ; and the prayer of
the bill is, in substance, that the agreement of partition may
be carried into effect and titles perfected in accordance
therewith, vesting in Dargin the portion of the lot allotted to
Mrs. Blythe, and in Cook and his child, according to their
interests under the statute, the portion allotted to Mrs. Cook,
and in Baird the portion allotted to him ; and for general re-
lief.

And on 30th March, 1877, John H. Dargin filed his bill
against M. A. Blythe and her husband, averring the facts of
his purchase from them of the other lot which was owned by
Mrs. Blythe in Birmingham, the payment of the purchase-
money therefor by him, the execution of the deed by Mrs.
Blythe and the signing thereof by the husband, and his pos-
session thereunder, as above stated ; and also averring that
he had erected valuable improvements thereon ; that Mr.
Blythe, when he signed said deed, did so as a grantor therein
jointly with his wife, and that by such signing he intended to
convey jointly with his wife said land to the complainant,
and that it was so understood by them and the complainant,
and also by the two attesting witnesses ; that the manner in
which the deed was signed and acknowledged cast a cloud
upon complainant's title, and that Blythe and his wife refuse
to execute a deed to said land by quit-claim, or otherwise,
and that, although they admit the *bona fides* of the transac-
tion, they are setting up " some pretended claim to said land
by reason, purely, of the mistake in signing the deed and
acknowledgment as above set forth."  The prayer of this bill

[Blythe and Wife v. Dargin.]

is, that said deed be reformed, so as to clear away the cloud from complainant's title, and that all right, title and interest in and to said lot of land be divested out of the defendants and invested in the complainant, and for general relief.

Mrs. Blythe and her husband answered the bills, averring, that she held both lots sold to Dargin as her statutory separate estate, and that the two deeds executed by her were void by reason of the manner in which they were signed by the husband, and claiming that her right, title and interest in the lots were not affected by the deeds. In their answer to the bill filed by Dargin and Baird, they expressed satisfaction with the partition of the lot which was held in common, and a willingness to have the same carried into effect and perfected; but protested against Dargin taking the portion of the lot allotted to her, under his purchase from her.

Both cases were tried upon agreements of the parties, that the facts were as stated in the bills; and on the hearing, had upon the pleadings and said agreements, the chancellor caused decrees to be entered granting the relief sought in each bill; and from these decrees Mrs. Blythe and her husband appealed to this court, and here separately assign them as error. Both cases were here submitted, argued and considered together.

E. L. CLARKSON and M. T. PORTER, for appellants. 1. The deed is void and conveys no estate.

The separate estate of a married woman, held under statutory provisions in this State, can only be conveyed by her and her husband jointly, by instrument in writing, in the mode prescribed by statute.—*Hammond v. Thompson*, 56 Ala. 589; *George v. Goldsby*, 23 Ala. 326; *Hughes v. Wilkinson*, 21 Ala. 296; *Beene v. Randall*, 23 Ala. 514; *Boykin v. Rain*, 28 Ala. 332; *Ala. Life Ins. & Trust Co. v. Boykin*, 38 Ala. 510; *McBride v. Wilkinson*, 29 Ala. 662; *Warfield v. Ravisies*, 38 Ala. 524; 1 Bishop on Law of Married Women, §§ 593-4; U. S. Dig. 1st Ser. Vol. 7, p. 256, § 2316; *Ib.* p. 251, § 2228; U. S. Dig. N. S. Vol. 6, p. 375, § 181.

The property of the wife may be sold by the husband and wife and conveyed by them jointly, by instrument in writing attested by two witnesses.—Code of 1876, § 2707. See also *Ib.* §§ 2161, 2708. Unless the husband joins in the deed, a married woman can not convey real estate belonging to her as her statutory separate estate. U. S. Dig. 1st Ser. Vol. 7. p. 255, § 2301, citing *Ezelle v. Parker*, 41 Miss. 520. Such deed is void. *Alexander v. Saulsbury*, 37 Ala. 375; *Fowler v. Shearer*, 7 Mass. 14; *Ezelle v. Parker, supra; Dunham v. Wright*, 53 Pa. St. 167; *Jewett*

[Blythe and Wife v. Dargin.]

*v. Davis,* 10 Allen (Mass), 68; Tyler on Infancy and Coverture, § 515; *Martin v. Dwelly,* 6 Wend. 11.

If the title to land is in a married woman, and a deed of the land recites the name of the husband as grantor, purporting to convey the right of the wife, the deed is insufficient to convey her title.—*Agricultural Bank v. Rice,* 4 How. (U. S.) 225. Nor is such deed made effective by being signed and sealed by the wife. The interest of the husband is conveyed by it, and nothing more.—*Bruce v. Wood,* 1 Metc. (Mass.), 542; *Kerns v. Peeler,* 4 Jones Law (N. C.) 226; *Hedger v. Ward,* 15 B. Mon. (K'y) 106; 7 U. S. Dig. 1st Ser. p. 250, § 2208; *Ib.* p. 258, § 2349, citing *Cox v. Wells,* 7 Blackf. (Ind.), 410, *Carr v. Williams,* 10 Ohio, 305; *Purcell v. Goshorn,* 17 Ind. 105.

Where a *feme covert* having a life estate in land, made a deed purporting to convey it in her own name, without that of her husband being in the body, but only affixed after the signature of the wife, the deed is void as to her on account of her coverture, and as to him because not a party to it.— *Kerns v. Peeler,* 4 Jones Law (N. C.), 226; 7 U. S. Dig. 1st Ser. p. 258, § 2356, citing *Gray v. Mathis,* 7 Jones Law (N. C.) 502.

2. The deed can not be reformed in equity.

The bill is, in effect and substance, one for aiding or supplying the defective execution of a power created by statute. It is, therefore, totally destitute of equity; for, although a court of equity may relieve against the defective execution of a power created by a party, yet it can not relieve against the defective execution of a power created by law, nor dispense with any of the formalities required thereby for its due execution.—*McBride v. Wilkinson,* 29 Ala. 667; 1 Story's Eq. Jur. §§ 96-7; *Ib.* 177; Tyler on Inf. and Cov. § 541; 2 Story's Eq. Jur. §§ 1391-2; 9 U. S. Dig. 1st Ser. p. 87, § 1, citing *Bright v. Boyd,* 1 Story, 478; *Hammond v. Thompson,* 56 Ala. 589. The deed was absolutely void.—*Barnett v. Shackleford,* 6, J. J. Marsh. 532; *Elliott v. Peirsol,* 1 Pet. 328. Being void, it is incapable of confirmation.—*George v. Goldsby,* 23 Ala. 232; *Miller v. Shackelford,* 3 Dana, 289; Bish. on Law of Married Women, § 597. Being void at law, it is equally void in equity; and a court of equity has no jurisdiction to cure it, or compel a conveyance from her in due form, although the purchase money may have been paid.—1 Bish. Law Mar. Women, §§ 599, 589, 590, 593, 596; *Martin v. Dwelly,* 6 Wend. 11; *Burns v. Lynde,* 6 Allen (Mass.) 305; *Jewett v. Davis,* 10 Allen (Mass.) 68; Tyler on Inf. and Cov. § 515; 4 U. S. Dig. N. S. p. 359, § 162, citing *Shumaker v. Johnson,* 35 Ind. 33,

[Blythe and Wife v. Dargin.]

*Mattox v. Hightshue,* 39 Ind. 95, and *Beckman v. Stanley,* 8 Nev. 257. See also *Gebb v. Rose,* 40 Md. 387.

3. The deed can not be treated as an agreement to convey. 7 U. S. Digest, 1st Ser. p. 254, § 2281; *Grapengether v. Fejervary,* 9 Iowa, 163; *Martin v. Dwelly,* 2 Wend. 11; *Miller v. Hine,* 13 Ohio St. 565; *Beckman v. Stanley,* 8 Nev. 257; *King v. Moseley,* 5 Ala. 613; *Pinkston v. Huie,* 9 Ala. 252; *Wooden v. Morris,* 3 N. J. Eq. (2 Green), 65; *Ellenman v. Thompson,* 10 Mo. 587; *Stevens v. Parish,* 29 Ind. 260.

4. Mrs. Blythe is not estoppel. A married woman can not during coverture be barred of her estate by an estoppel *in pais.—Bemis v. Call,* 10 Allen, 512; *Tyler* on Inf. and Cov. §§ 515, 541; 1 Bish. on Law of Mar. Women, §§ 489, 495; Bigelow on Estoppel, §§ 489-90; *Martin v. Dwelly,* 6 Wend. 16.

TERRY & LANE, and WATTS & SONS, *contra.* (No brief came to the hands of the reporter.)

BRICKELL, C. J.—The question involved in these cases is, whether a conveyance by a married woman of lands, her statutory separate estate, executed by her in the presence of two subscribing witnesses, and acknowledged before, and certified by a justice of the peace, signed by the husband, but in which he is not nominated as a grantor, and which contains no words of conveyance passing or intending to pass his estate or interest in the lands, can, in a court of equity, after the purchase-money has been paid, and possession taken and continued without interruption for a period of five years, be enforced as a contract to convey. The incapacity of the wife to contract was, it may be said, a canon of the common law, resulting not only from the fact that marriage deprived her of the administration of property, but also because her legal existence was suspended, or in the old phrase, merged in that of the husband. If she was seized of an estate of inheritance in lands, on the marriage the husband became seized thereof, entitled to the rents and profits during their joint lives, and by possibility during his own life, if he was the survivor, leaving in the wife an estate in reversion only. If she had an estate of freehold, not of inheritance, the husband became seized thereof, entitled to the rents and profits. Her chattels, real or personal, which the husband reduced to possession, were subject to his disposition without her concurrence, and she was incapable of controlling or restraining it. The husband without her concurrence could alienate the estate or interest acquired by marriage in her lands.

The only mode in which the wife could alienate her rever-

sion in lands—the estate remaining in her—was by joining with
her husband in levying a fine and suffering a common recov-
ery. This was a solemn proceeding in a court of record,
and it was supposed that, before permitting it, the court
would, ascertain if the wife was acting freely and voluntarily,
and would protect her from the compulsion or influence of
the husband, and from injudiciousness or imprudence. This
mode of alienation, in point of fact, has never existed in this
State, the statutes having enabled the wife to pass her estate
or interest in lands, by joining her husband in the execution
of a deed attested by witnesses, or simply acknowledged be-
fore a competent officer, at some times with, and at others
without, private examination.—*Doe v. Wilkinson,* 21 Ala. 296;
*George v. Goldsby,* 23 Ala. 326; *McBryde v. Wilkinson,* 29
Ala. 662; *Waddell v. Weaver,* 42 Ala. 293; *Ellett v. Wade,*
47 Ala. 456.

The statute now declares: " All property of the wife, held
by her previous to the marriage, or which she may become
entitled to after the marriage, in any manner, is the separate
estate of the wife, and is not subject to the payment of the
debts of the husband." Such property vests in the husband
as trustee, and he has the right to manage and control it,
without accounting for its rents, income and profits; but these
are freed from liability to his debts. On the death of the
wife, intestate, the husband is entitled to one half of her per-
sonalty absolutely, and to the use of her real estate during
life. The mode of alienating the property of the wife, thus
converted into a statutory separate estate, is prescribed :
" The property of the wife, or any part thereof, may be sold
by the husband and wife, and conveyed by them, jointly, by
instrument of writing, attested by two witnesses." And it is
declared, that " conveyances of a wife's property, made in
writing by husband and wife jointly, and acknowledged before
some officer authorized to take acknowledgments of convey-
ances, are as valid and adequate to pass the wife's estate, as
if the same were attested by two witnesses."—Art. 3, Chap.
1, Title 5, Part 2, Code of 1876, pp. 645–48.

The statutes have been construed as operating only to de-
prive the husband of the rights and interests with which the
common law clothed him in the estate of the wife, real or per-
sonal, and enlarging her capacity to hold it, independent of,
and freed from his marital rights as defined by the common
law.—*Short v. Battle,* 52 Ala. 456; *Marks v. Cowles,* 53 Ala.
499. The legal title to the *corpus* of the estate resides in the
wife, and in the husband resides only the right to manage and
control it, taking the rents and profits as trustee, free from
liability to account for them. The wife is not *sui juris*; the

[Blythe and Wife v. Dargin.]

disabilities of coverture imposed by the common law, remain, save so far as they are modified. In no respect is her capacity to contract enlarged or modified, except in relation to the alienation and conveyance of the estate. · In that respect, the statute is *enabling*, and without conforming to its requisitions, the wife can not alienate .or convey her estate. *Gibson v. Marquis*, 29 Ala. 668; *Canty v. Sanderford*, 37 Ala. 91; *Alexander v. Saulsbury*, 37 Ala. 375; *Warfield v. Ravisies*, 38 Ala. 518.

The statute is manifestly an enlargement of the common law powers of the wife. As to her lands it authorizes a less formal, solemn mode of conveyance, than was known to, or recognized by the common law. In lieu of a fine and recovery, a judicial proceeding in a court of record, a conveyance, an *instrument in writing*, in the execution of which she and her husband join, attested by two witnesses, or acknowledged before, and certified by a competent officer, is substituted. Any other species of contract, whatever may be its form, is simply void, not voidable as are the contracts of infants. It is conceded such is the consequence at common law, but as husband and wife have the power to sell, as well as the power to convey, it is insisted a court of equity will treat the deed of the wife founded on a valuable consideration, shown to have been executed with the concurrence of the husband, as a contract to convey, and will decree specific performance of it. How is the concurrence of the husband to be shown? The statute prescribes the mode, and that mode is exclusive. No other can be substituted or recognized by the courts. An *instrument in writing* in which they appear as the vendors, attested or acknowledged as the statute requires, could possibly operate as a contract to convey, of which courts of equity would decree specific performance, if it was fair and just, and founded on an adequate, valuable consideration. If specific performance was decreed of any other species of contract, a court of equity would impart validity to a contract pronounced by the common law void, absolutely void as to the wife. The deed can not properly be styled the contract of husband and wife. It is no more nor less than the void deed of the wife, to which the husband is not a party, and to which his concurrence was not expressed in the only mode in which the law authorizes its expression. The principle is too well settled now to be controverted, that the mere agreement of the wife for the sale of her real estate, though made with the assent of the husband, is void at common law, and against her a court of equity will not enforce it.— *Wooden v. Morris*, 2 Green Ch. 65; *Martin v. Dwelly*, 6 Wend. 9; *Butler v. Buckingham*, 5 Day (Conn.), 492; *Bress-*

[Corbitt v. Reynolds.]

*ler v. Kent*, 61 Ill. 426; *Miller v. Hine*, 13 Ohio St. 565. The bills are not now framed with a view to compel an election to avoid or affirm the partition, or to compel a restitution of the purchase-money paid by Dargin. A specific execution of the deeds as contracts to convey, is the entire scope of the bills as now framed and it is unnecessary to consider what may be the equities of the parties, if the causes were presented in another aspect.

The decrees must be reversed, and the causes remanded.