# Henderson *et al. v.* Kirkland *et al.*

*Bill in Equity for Specific Performance.*

1. *Alienation of homestead; when instrument inoperative as a conveyance can not be enforced as an agreement to convey.* Where a conveyance of a homestead is ineffectual and inoperative to convey the legal title, by reason of its not having been properly executed, in that there was only one attesting witness to the signature which was made by the grantors making their mark, such conveyance is invalid for all purposes and can not be construed as an agreement to convey, and as such, specifically enforced in a court of equity.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellants, J. E. and W. E. Henderson, against the appellees, J. L. V. Kirkland and his wife, E. J. Kirkland. The bill averred that the defendants had executed a mortgage to the complainants to secure the payment of an indebtedness which they owed to the complainants; that in the execution of this mortgage each of the defendants being unable to write, did sign the same by making their mark, and that there was but one attesting witness. It was then averred that default had been made in the payment of the mortgage debt, and that under the provisions of the mortgage it should be foreclosed.

The prayer of the bill was that inasmuch as there was but one attesting witness to the signature of the mortgagors by making their mark, the mortgage was inoperative to convey the legal title; that therefore the instrument should be decreed an agreement or contract to convey and as such contract should be specifically enforced. To this bill the defendants demurred upon the following

ground: "Said bill and the mortgage upon which complainants rely for relief show upon their faces that the said mortgage is absolutely void under the statute and is not an agreement to convey which can be enforced."

On the submission of the cause on the demurrer, the chancellor rendered a decree sustaining it. From this decree the complainants appeal, and assign the rendition thereof as error.

SOLLIE & KIRKLAND, for appellant, cited *Parker v. Parker*, 88 Ala. 362; *Gardner v. Moore*, 75 Ala. 394.

A. T. BORDERS and J. E. Z. RILEY, *contra*, cited *Cox v. Holcomb*, 87 Ala. 590; *Gardner v. Gates*, 75 Ala. 396; *Jenkins v. Harrison*, 66 Ala. 361; *Morse v. McLain*, 82 Ala. 374; *Blythe v. Dargin*, 68 Ala. 576; *Waddell v. Weaver*, 42 Ala. 393; *McBryde v. Wilkerson*, 29 Ala. 662.

HARALSON, J.—Neither of the defendants, who are the mortgagors in the mortgage sought to be specifically enforced as a contract to convey title, and foreclosed, could write their names. Their names were written for them by John Adams, with the words his and her mark written over each name, with a cross mark between the words, his and her mark, as they appear. The mortgage was attested by said John Adams alone, whose name appears signed thereto as a witness.

The Code, section 982, requires that conveyances for the alienation of lands "must be signed at their foot by the contracting party, or his agent having a written authority; or, if he is not able to sign his name, then his name must be written for him, with the words his mark written against the same, or over it; the execution of such conveyance must be attested by one witness, or, when the party cannot write, by two witnesses who are able to write, and who must write their names as witnesses." This method of conveyance here prescribed is exclusive; the rule being, that "when a statute limits a thing to be done in a particular manner, it includes in itself a negative; and the negative is, that it shall not be done otherwise. The limitation exists whenever the statute pre-

·scribes the particular manner in which the thing must be done."—*Bickley v. Keenan*, 60 Ala. 293; *Hendon v. White*, 52 Ala. 597. It follows, that the mortgage from the defendants to the complainant,—signed by the defendant, J. L. V. Kirkland, who could not write, by his name being written for him by another, with the words his mark over or against the same, in the presence of but one witness,—was inoperative, and of no effect to convey the legal title. For that purpose, it was a nullity. The theory on which complainants propose to maintain their bill, however, is, that the mortgage is good as an agreement to convey and may be enforced as such. However that may be as to lands which do not constitute the homestead of the mortgagor, it breaks down as this court has more than once held, and has no application to conveyances of the homestead. In *Jenkins v. Harrison*, 66 Ala. 345, directly applicable to the question in hand, it was said: "But while we hold the instruments intended to operate as deeds, though not perfected by delivery, and thereby becoming conveyances of the legal estate, are writings evidencing the contract, avoiding the operation of the statute of frauds, their sufficiency for the alienation of the homestead presents another and different question. The constitution of 1868, of force when this transaction occurred, like the present constitution, declared that no mortgage, or other alienation of the homestead, if the owner thereof was a married man, should be valid, 'without the voluntary signature and assent of the wife to the same.' It is in this court a settled question, that a mortgage, or other alienation of the homestead of a husband, whatever may be its form, to which the voluntary assent of the wife is not manifested by her signature, in some mode appointed by law, is invalid for any purpose. It may operate upon other lands; but, as to a homestead, it is void—it is a nullity. The constitution refers to a mortgage, or to some other mode of alienation, by which the title is transferred; to legal conveyances, not to writings which import only a contract to convey, which are but the incipiency of a complete alienation and transfer of title. It is not to such writings it is contemplated the wife shall yield her as-

sent and give her signature, but to the act and instrument which operates to transfer the estate. The association of the words *mortgage or other alienation,* is a plain indication, that the alienation, other than mortgage, which is contemplated, is an alienation of like kind with a mortgage; an alienation equally operative to pass the legal estate, not mere contracts to alienate. If to such instruments the wife should give her voluntary assent, and manifest it by her signature, there would remain to her the *locus penitentiæ.* When the contracts are to be performed, she could withhold her signature and assent, and the courts would be powerless to compel her to performance.—*Waddell v. Weaver,* 42 Ala. 293; *McBride v. Wilkinson,* 29 Ala. 662." Again, it was said on the same question in another case: "The constitution and statute have reference to some mode of alienation by which the title passes *in presenti.* They do not contemplate instruments which can be regarded only as agreements to convey."

It may be stated, therefore, that when husband and wife sign a deed which purports to convey to another their homestead, and the wife acknowledges the same in due form to alienate a homestead, but the instrument is for any reason inoperative to convey the title of the husband, and is a nullity for that purpose, the separate acknowledgement of the wife to such instrument is not and never, in any proceeding, can be made of any validity, but the instrument remains as if her acknowledgement had never been made thereto.—*Cox v. Holcomb,* 87 Ala. 589; *Gardner v. Moore,* 75 Ala. 397; *Blythe v. Dargin,* 68 Ala. 370.

These decisions are decisive of the one in hand. The lower court very properly sustained a demurrer to the bill.

Affirmed.