OLIVER HOUX, Plaintiff in Error, *vs.* COUNTY OF BATES, *et al.*, Defendants in Error.

61 391
116 287

1. *Land, sale of by county commissioner—Misdescription—Defective execution of statutory power.*—A court of equity will not furnish relief in case of the defective execution of a statutory power. But this doctrine has no application to a case where a county commissioner, in the sale of land, complies with all the provisions of the statute under which he acts, and the only error in his deed consists in a misdescription of the land. And that rule will not prevent an action in equity to reform the conveyance.

### Error to Vernon Circuit Court.

*T. J. Galloway, with W. P. Johnson,* for Plaintiff in Error.

The county of Bates, for a valuable consideration admitted by her to have been paid, undertook to convey the property by a proper description to Leonard Dodge, through whom plaintiffs claim. Though in a court of law the description was defective, yet in a court of equity, which deems as done that which the party agreed to do, the grantee had title to the land intended to be described, and as against Bates county, was entitled to have the mistake corrected. (Rhodes vs. Outcalt, 48 Mo., 372.)

The deed made by the commissioner is in effect the deed of the county, and is distinguishable from deeds made under purely statutory powers, such as deeds made by sheriffs under executions, which are always against the will of the judgment debtor, and are not *inter partes.*

*Page & Holcomb,* for Defendant in Error.

A court of equity cannot reform a defective execution of a statutory power. (Moreau vs. Detchemendy, 18 Mo., 522–531; Moreau vs. Branham, 27 Mo., 357; Allen vs. Moss, 27 Mo., 354; Speck vs. Wohlien, 22 Mo. 316; Hubble vs. Vaughn, 42 Mo., 138; Abernathy vs. Dennis, 49 Mo., 468.)

A deed made by a county seat commissioner is an execution of a statutory power. (R. C. 1855, ch. 44, §§ 11, 14; ch. 44, § 20.)

NAPTON, Judge, delivered the opinion of the court.

This was a petition to the circuit court to have corrected a supposed error in a deed from the commissioner of Bates county to one Leonard Dodge, administrator of the estate of Cyrus K. Dodge.

The facts as they appear from the petition and answer, will explain fully the points upon which a judgment for the defendant was ultimately rendered. It is true the answer was stricken out, and all the evidence offered in support of it rejected, but we may assume that the facts are correctly stated, considering the motion to strike out in the nature of a demurrer.

In 1857, the county commissioner of Bates county sold two pieces of ground in the town of Butler, known as blocks 52 and 53, to Cyrus K. Dodge for $110, for which he gave his note. Cyrus K. Dodge died soon thereafter, and Leonard Dodge was appointed his administrator, and out of the assets of the estate said administrator paid the principal and interest on this debt and obtained a receipt from the commissioner, who executed a deed to said Leonard Dodge, administrator aforesaid, which deed is the same it is now proposed by the plaintiff to have corrected. Leonard Dodge died in 1858 or 1859, and the plaintiff obtained a deed from his heirs in 1870.

Previous to this last date, one White was appointed administrator *de bonis non* of the estate of Cyrus K. Dodge, and by order of the probate court was directed to sell blocks 52 and 53. A sale was made, and Page (who applied to be made a co-defendant in this case) bought the lots or blocks for $210, paid the purchase money, and received from White a deed for the blocks. He also obtained about the same time a deed from the then commissioner of Bates county.

The court struck out all the answer that related to Page's title, and excluded all the evidence concerning Page's title, but gave a judgment for defendants on the ground that a court of equity had no power to correct mistakes made in a deed executed under a statutory power.

This judgment must be affirmed, because, whether the doctrine maintained by the court, concerning the execution of statutory powers, was applicable to the facts of the case or not, the plaintiff undoubtedly had no claim to assistance from a court of equity, if any aid was really necessary to explain the subject matter of the deed to the administrator, Dodge.

The deed to Leonard Dodge, administrator, whatever its effect might be in law, was certainly not designed to invest him and his heirs with title, as the lots were bought by Cyrus K. Dodge, and paid for out of his estate, and in equity would go to his heirs, subject of course to be sold for payment of his debts, if there were any.

But the court, I think, erred in excluding the answer and evidence, and in holding that this was a case for the applica-of the principle referred to as the basis of his judgment.

The principle is stated succinctly, but carefully, by Judge Story in his Treatise on Equity (vol. 1, § 177). It is there said: "And indeed it may be stated, as generally although not universally true, that the remedial power of courts of equity does not extend to the supplying of any circumstance for the want of which the legislature has declared the instrument void; for, otherwise, equity would in effect defeat the very policy of the legislative enactments." What Judge Story meant by this we can readily understand by referring to his application of the principle in Bright vs. Boyd (1 Sto. Rep., 487). There the administrator was duly licensed to make the sale, and complied with all the requisites of the law, except that previous to the sale he gave no bond with securities for the faithful discharge of his duties. The statute required this.

Judge Story says: "This was a voluntary omission or neglect of duty, and in no just sense an accident. But if it were otherwise, it would be difficult in the present case to sustain the argument. This is not the case of the defective execution of a power created by the testator himself, but of a power created and regulated by statute. Now, it is a well settled doctrine, that although courts of equity may relieve against

the defective execution of a power created by a party; yet they cannot relieve against the defective execution of a power created by law, or dispense with any of the formalities required thereby for its due execution; for otherwise the whole policy of the legislative enactments might be overturned."

And so in the case of Moreau vs. Detchemendy (18 Mo., 530) Judge Gamble held that where the statute required conveyances to be by deed, the court could not set up a conveyance not under seal, as a sufficient compliance with the law.

And so there are many cases in this State wherein the courts have refused to interfere in sales by sheriffs, where there has been an omission of some formality required by the statute, as the statutes themselves have provided other modes of redress. And the reason for these adjudications, both here and in England, is, as stated by the courts, that equity no more than law, can dispense with a matter of form or substance which the legislature requires.

An examination of the cases referred to by Judge Story as the basis of his observation in his commentaries, will show that all the cases originated either in transfers of vessels, not made in conformity to the requirements of the English navigation acts (Hibbert vs. Rollerton, 3 Bro. ch. R., 571, *ex parte* Bulleet, 2 Cox's R., 243), or where there is an attempt to enforce a defective fine, as against the issue, or a defective recovery as against the remainder man. (Fonblanque Eq., ch. 1, § 7, note T.), or an assignment of an annuity made under the annuity act, and not in conformity to its provisions. (Williams vs. Duke of Bolton, 2 Ves., 159.) I have been able to find no other cases.

In this case it does not appear that the commissioner of Bates county failed to comply with any provision of the act authorizing such appointments. So far as the record shows he was duly appointed and authorized to sell the lots at Butler, gave the necessary notices, executed the necessary bonds, sold the lots in good faith to a purchaser, received the purchase money, and made a deed—a valid deed. The mistake in the deed, if mistake it can be called, was simply in term-

ing the property sold as lots and not blocks. The numbers were rightly given, and it was agreed that there was no mistake as to what was designed to be sold, by either party.

How the correction of such a mistake contravenes or runs counter to the letter or spirit of any statute in this State, or of any regulation in the acts concerning county commissioners, I am at a loss to see. The identification of the land sold by parol proof seems to be the only way in which the intention of the parties could be carried out, unless the statute had made some provision for a subsequent commissioner making another deed. And such second deed was made in this case but not to the plaintiff as the representative of the heirs of Leonard Dodge, but to the representatives of the purchasers under a sale of the estate of Cyrus K. Dodge. The equitable title undoubtedly belonged to this estate. Whether the proper steps were taken to acquire this title by the purchaser, at the sale made by the administrator *de bonis non,* is not a matter for inquiry now, as the circuit court refused any examination of this question, but decided the case simply against the plaintiff, and no complaint is made here on the part of the defendants.

The judgment will therefore be affirmed. The other judges concur.