CARPER v. MUNGER ET UX.

CONVEYANCE BY MARRIED WOMAN.—*Mistake.—When Corrected.*—A mistake in the deed of a married woman, in a matter of description merely, may be reformed and corrected in a proper proceeding for that purpose.

MORTGAGE.—*Indemnity.—Assignment.—Parties.*—A mortgage given to indemnify the mortgagee against a contingent liability is assignable, and an action thereon may be maintained by the assignee, in his own name, upon the accruing of such liability.

From the Kosciusko Circuit Court.

*J. S. Frazer, W. D. Frazer, R. B. Encell, J. H. Carpenter, L. H. Haymond* and —— *Haymond,* for appellant.

*L. C. Jacoby, R. S. Taylor* and *S. L. Morris,* for appellees.

NIBLACK, J.—This was an action by George Carper, against Elijah Munger and Sophia Munger, his wife, to foreclose a mortgage.

The complaint was in two paragraphs, and the first paragraph was, substantially, as follows :

That, on the 26th day of February, 1864, the defendants executed to one Mary A. Jacoby a mortgage upon two eighty-acre tracts of land, in Kosciusko county, particularly describing them, to secure the payment of four promissory notes executed by the said Elijah Munger for five hundred dollars each, bearing even date with said mortgage, and payable to the said Mary A. Jacoby on the 1st days of January, 1867, 1868, 1869 and 1870, respectively,

with ten per cent. interest until paid, said mortgage being filed with the complaint as "Exhibit A"; that, on the 6th day of April, 1866, the said Elijah Munger, being the sole owner thereof, and for a valuable consideration, sold and conveyed the said tracts of land so mortgaged to Benedict Becker and Leopold Becker by a warranty deed; that, at the same time, the said Benedict Becker and Leopold Becker were the owners of the east half of lots 115 and 116, in the town of Warsaw, in said county of Kosciusko, and in part consideration of the lands sold and conveyed to them, as above stated, but for no consideration moving to them from the said Sophia Munger, they, the said Beckers, conveyed the said parts of lots in the town of Warsaw to her, the said Sophia, without any consideration passing from her to the said Elijah Munger; that the said Elijah Munger and the said Sophia thereupon executed to the said Benedict Becker and Leopold Becker a mortgage on said parts of lots in the town of Warsaw, to secure them, the said Beckers, against loss on account of the mortgage executed to the said Mary A. Jacoby, and which it was mutually agreed the said Elijah Munger was to pay and have cancelled, and conditioned that, should the said Elijah Munger fail to pay the indebtedness referred to in said mortgage to the said Mary A. Jacoby, or should the lands thereby mortgaged be sold to satisfy said indebtedness, then the said Beckers might have the mortgage so executed to them foreclosed to indemnify them on account of loss by reason of the non-payment of said mortgage to the said Mary A. Jacoby to the full amount of the indebtedness described in said last named mortgage; that, by the mutual mistake of the parties, the mortgage to the said Mary A. Jacoby was described in the said mortgage to the Beckers as having been executed to her and Lysander C. Jacoby, her husband; that the said Elijah Munger failed to pay the said mortgage indebtedness to

the said Mary A. Jacoby, but, instead thereof, permitted her, together with her said husband, after such indebtedness became due, to foreclose her said mortgage and to have the lands mortgaged by it sold by the sheriff of said county of Kosciusko, to satisfy her judgment of foreclosure; that one Jacoby purchased said lands at such sheriff's sale, and received from the sheriff a certificate of his purchase, which he, before the time for the redemption of such lands had expired, sold and assigned to one Johnson M. Burge; that, after the time for the redemption thereof had expired, the sheriff executed and delivered to the said Burge a deed of conveyance to said lands in pursuance of said certificate of purchase, and the assignment of the same, as above stated, thus transferring the title to said lands to him, the said Burge; that afterward the said Benedict Becker and Leopold Becker, for a valuable consideration, sold and in writing assigned the mortgage, executed to them as above set forth, to the plaintiff, a copy of which assignment was filed with the complaint as "Exhibit C" and is as follows:

"For a good and valuable consideration to us paid, we hereby assign to George Carper all our right, title and interest in and to the within mortgage and contract and the property therein described.                BENEDICT BECKER,
                "LEOPOLD BECKER."

That there was due upon said mortgage, thus assigned to the plaintiff, the sum of three thousand dollars.

Wherefore the plaintiff demanded judgment against the said Elijah Munger, and a foreclosure of said mortgage against both the defendants, and all other proper relief.

The facts set out in the second paragraph of the complaint were essentially the same as those contained in the first paragraph, but were not presented in exactly the same form. The transactions between the said Elijah Munger and the Beckers concerning the several tracts or parcels

of real estate were, in the second paragraph, alleged to be an exchange, the latter agreeing to pay one thousand dollars difference, and the former covenanting to pay the mortgage to the said Mary A. Jacoby. It was also alleged that the conveyance to the said Sophia Munger by the Beckers was at the request of the said Elijah Munger.

The separate demurrer of the defendant Sophia Munger was sustained to both paragraphs of the complaint, and there was judgment upon demurrer, in her favor, upon both paragraphs.

The only questions discussed here, which it is necessary for us to consider, are, whether a mistake in a deed can be corrected as against a married woman, and whether the mortgage sued upon is such an instrument as may be assigned so as to vest a right of action upon it in the assignee.

The question, as to whether a mistake in a deed may be corrected against a married woman, is one upon which the rule of decision has been different in several of the States, and consequently one upon which the authorities are not in accord, but this court, in the well-considered case of Hamar v. Medsker, 59 Ind. 413, decided that a mistake in the deed of a married woman, in a matter of description merely, might be reformed and corrected by proper proceedings for that purpose.

The rule laid down in that case is applicable to the alleged mistake set up in the complaint before us, and, as to the question involved, is decisive against the appellees.

It is not contended by the appellees, that an ordinary mortgage is not assignable, but it is objected by them that the mortgage in suit, being given merely to indemnify the mortgagee, and the liability under it being only contingent and to a certain extent indefinite, does not fall within that class of instruments in writing which may be assigned so as to vest a right of action in the assignee.

We think this objection is not well taken.

The act concerning promissory notes and other instruments in writing, 1 R. S. 1876, p. 635, sec. 1, provides, among other things, that instruments in writing, signed by any person, for the delivery of a specific article, or to convey property, or to perform any stipulation therein mentioned, shall be assignable so as to vest the property thereof in each assignee successively.

This provision is evidently comprehensive enough to embrace the mortgage upon which this action is based, and to authorize its assignment.

The 2d section of the same act further provides, that the assignee of any such instrument in writing may, in his own name, recover against the person who made the same.

Both paragraphs of the complaint appear to us to have been sufficient upon demurrer, as against the appellee Sophia Munger as well as her co-appellee Elijah Munger. We must, therefore, hold that the court erred in sustaining the demurrer of the said Sophia Munger to both of said paragraphs.

The judgment in favor of the appellee Sophia Munger is reversed, with costs, and the cause remanded for further proceedings.