WILSON, ADMINISTRATOR, *v.* STEWART ET AL.

MISTAKE.—*Reforming Mortgage executed by Husband and Wife.—Parties.—*A. mistake in the description of lands belonging to a decedent, intended to be included in a mortgage executed in his lifetime by him and his wife, may be corrected in an action for that purpose, against his widow and heirs or devisees and administrator or executor.

SUPREME COURT.—*Notice of Appeal from Judgment for one of several Co-Parties.*—Where, in an action against several defendants, judgment, on separate demurrer to the complaint, is rendered in favor of one defendant, and, on trial, against the others, notice to the latter of an appeal by the plaintiff to the Supreme Court, from such judgment on demurrer, is not necessary.

From the Hamilton Circuit Court.

*D. Moss,* for appellant.

*J. W. Evans* and *R. R. Stephenson,* for appellees.

NIBLACK, J.—This was a proceeding by Robert L. Wilson, administrator of the estate of Wesley Jameson, deceased, against the widow, heirs and the administrator of the estate of David Stewart, deceased, for the reformation and foreclosure of a mortgage.

The complaint alleged that, on the 17th day of July, 1872, David Stewart and Elizabeth Stewart, his wife, executed a mortgage to the said Wesley Jameson, then in full life but since deceased, to secure the payment of certain promissory notes of the said David Stewart, copies of which were filed with the complaint.

That, by the execution of said mortgage, it was the intention of all the parties to the same to mortgage, and include within it, certain tracts of land particularly described in the complaint; but that, by the mutual mistake and inadvertence of the parties to such mortgage, and the draughtsman thereof, other lands were described in said mortgage, to which the said David Stewart had no title whatever. Also, that since the execution of said mortgage the said David Stewart had died, leaving the said Elizabeth Stew-

art, as his widow, and Sarah White, intermarried with one William White, James J. Stewart, Matilda J. Stewart and Reuben E. Stewart, as his children surviving him; and that Eli Shumack has since become the administrator of his estate, in place of Daniel Fisher, who was executor of the decedent's last will.

The defendant Elizabeth Stewart demurred separately to the complaint, and her demurrer was sustained.

Upon a trial between the plaintiff and the other defendants, judgment was rendered against the estate of the said David Stewart, for the amount due upon the notes, and against the children of the said decedent, Stewart, above named, for the reformation of the mortgage, as prayed for, and for a foreclosure of it, as so reformed, upon two-thirds of the mortgaged lands.

The plaintiff, declining to amend his complaint, or to further plead, as against the said Elizabeth Stewart, judgment was rendered in her favor upon her demurrer.

Error is assigned only upon the decision of the court sustaining Mrs. Stewart's demurrer to the complaint.

The objection urged to the sufficiency of the complaint, as against Mrs. Stewart, is, that, as it showed her to have been a married woman at the time of the execution of the mortgage, the facts alleged did not make out a proper case against her for the reformation of the mortgage, and authorities are cited to sustain that position. This court, however, upon full consideration, has recently held that the deed of a married woman may be reformed in any matter of description merely, in the same manner, and to the same extent, as if she had been unmarried at the time of its execution, and that we still consider to be the better and more reasonable rule, as applicable to the system of laws adopted in this State for the alienation of property. *Hamar* v. *Medsker*, 60 Ind. 413; *Carper* v. *Munger*, 62 Ind. 481.

Following these authorities, we are led to the conclusion

that the court erred in sustaining Mrs. Stewart's demurrer to the complaint.

In the assignment of error in this court, and the issuance and service of notice of this appeal, the names of James J. Stewart and Matilda Stewart, two of the defendants below, are omitted from amongst the names of the appellees, and for that reason counsel for the appellees move to dismiss the appeal.

This appeal is really and only from the judgment in favor of Mrs. Stewart; and her codefendants below are unnecessary parties to the appeal.

The motion to dismiss the appeal is therefore overruled.

The judgment below, in favor of Elizabeth Stewart upon her demurrer to the complaint, is reversed, at her costs, and the cause remanded, with instructions to overrule her demurrer and for further proceedings.