No. 7328.

## STYERS ET AL. *v.* ROBBINS ET AL.

CONVEYANCE.—*Married Woman.*—*Mistake.*—A mistake in the description of property, in a deed executed by a married woman, may be corrected.

From the Rush Circuit Court.

*B. W. Wilson, W. B. Wilson, C. Ewing* and *J. K. Ewing*, for appellants.

*T. B. Adams, L. T. Michener, B. F. Love, C. Cambern, G. B. Sleeth* and *J. W. Study*, for appellees.

ELLIOTT, C. J.—This is a branch of the case of *Robbins* v. *Magee, ante*, p. 381, and the controversy grows out of the same transaction as that which gave rise to the litigation in the case referred to. Many of the questions discussed in *Robbins* v. *Magee, supra*, arise in the present case, but we

do not deem it necessary to add anything to what was said in that case.

The case in hand presents, however, a question of controlling importance which was not presented in the case to which we have referred. It was held by the court below that a mistake in the description in the deed of a married woman can not be corrected. Since the judgment of the trial court was pronounced this court has decided the reverse, and it is, therefore, the rule in this State, that a mistake in the description of property contained in a deed executed by a married woman may be corrected. *Hamar* v. *Medsker*, 60 Ind. 413; *Carper* v. *Munger*, 62 Ind. 481; *Wilson* v. *Stewart*, 63 Ind. 294. We are aware that these cases have been disapproved by courts of respectability, but we have seen no argument urged against them of sufficient force to induce us to depart from the rule of *stare decisis*. We are, upon the contrary, satisfied that the rule declared is a sound one, having its foundation in reason and principle. Reforming a mistake in a written instrument so as to make it operate upon the property the parties intended it should operate, creates no new contract, nor does it even add additional obligations. It simply puts in the instrument what, in legal effect, was already there, the true description of the property. The instrument is only the evidence of the contract, it is not the contract; and reforming the evidence so as to make it accurately and truly describe the property is not making an executed contract out of an executory one. If the parties intended by their deed to evidence the conveyance of a certain parcel of land, and by mistake of the scrivener the deed is made to describe another, the court in making the correction does no more than place in the deed what in law, in equity, and in good conscience should be there, the description of the property intended to be conveyed. In causing the true description to be written in the deed, the court neither makes a new conveyance, nor alters

an old one, it simply makes the conveyance effective by applying it to the property sold by one party and bought by the other. A doctrine which denies the authority of the courts to do this, however strongly supported, so far as mere numbers go, by adjudicated cases, does not commend itself to our sense of right and justice, and we can not give it our approval. We prefer the doctrine, that, if a deed untruly describes the property, courts may so reform it as to make it give a true description. In all cases where the deed is one which the parties had capacity to make, there should be power in the court to make it operate upon the proper property, and the fact that one of the grantors is a *feme covert* should not be allowed to lead to a denial of this power.

Judgment reversed.