# Gardner & Gates *v.* Moore.

*Bill in Equity for Reformation of Mortgage of Homestead.*

1. *Mortgage of homestead ; jurisdiction of court of equity.*—A court of equity will assume jurisdiction to reform a mortgage of a homestead belonging to a married man, and executed and acknowledged by him and his wife in strict conformity with the statute, by correcting the description of the conveyed premises, where the premises are described in the mortgage as containing a stated number of acres, and including the family residence, stables and other improvements, and the desired reformation does not seek to increase the quantity of the lands conveyed, or to locate them in a different section, but merely to correct an admitted error in the designation of the subdivisions of the same section.

2. *Same ; jurisdiction distinguished from other cases.*—This case distinguished from cases in which the specific performance of an agreement

[Gardner & Gates v. Moore.]

of a married woman to convey is sought, and from cases in which the power of the court is invoked in aid of the defective execution of a statutory power.

APPEAL from Jefferson Chancery Court.

Heard before Hon. THOMAS COBBS.

This was a bill in equity exhibited by Gardner & Gates against P. P. Moore and L. H. Moore, his wife, for the purpose of reforming a mortgage executed by the defendants on 2nd June, 1881, and purporting to convey a designated tract of land in Jefferson county, belonging to P. P. Moore, and on which he resided at the time of the execution of the mortgage, and also at the time of the filing of the bill. The description found in, the mortgage is "the west half of the south-west quarter of the south-east quarter, and the south-west quarter of section 36, township 19, range 5, west, containing 180 acres, and including our present family residence, stables and other improvements and buildings on said lands." The description averred in the bill to be the true description of the lands intended to have been conveyed is, "all that portion of the south-east quarter of section 36, in township 19, of range 5, west, east of west fork of Five Mile creek, containing not less than 120, and not more than 180 acres, and including the family residence, stables and other improvements and buildings on said lands;" and a plat of the lands is also exhibited with the bill. The other facts necessary to an understanding of the points decided are sufficiently stated in the opinion.

It was agreed, *inter alia*, that "if it shall be decided in this case that the mortgage mentioned in the bill can not be reformed so as to embrace the homestead of the respondents, a decree shall be rendered requiring it to be ascertained whether all the lands intended to be conveyed in said mortgage, or a portion thereof, and if a portion, what portion constitutes the said homestead of respondents." On the hearing, had on pleadings, agreement of counsel and proof, the chancellor caused a decree to be entered, declaring that "the complainants are not entitled to have the mortgage described in the bill reformed so as to embrace the homestead of the respondents, but are entitled to the relief prayed only as to the lands which do not constitute the homestead of respondents;" and ordering a reference in accordance with the agreement of counsel copied above; and that decree is here made the basis of the assignments of error.

J. T. TERRY, for appellants. In this State the law is settled, that where the husband *executes* a mortgage on his homestead, *without his wife joining him as required by law,*

the mortgage is void.—*Garner v. Bond*, 61 Ala. 84 ; *Miller v. Marks*, 55 Ala. 322 ; Code, 1876, §§ 2822, 2158, 2125. In this case, the wife *joined* her husband in *the execution* of the mortgage, as required by law to make the act of *execution* valid ; while in the cases cited above, she failed to so join her husband ; and, in consequence of such failure of the wife to *execute* her power as provided by law, the mortgage was held a nullity.    The cases cited are directed against the validity of the *fact* of the *execution* of the mortgage ; while here, the *fact of execution* is admitted.

SMITH & BRADFORD, *contra.*    This case presents for consideration a single question—whether a court of equity has the power to reform a conveyance so as to include the homestead of the grantor.    It has already been settled that an agreement to convey the homestead can not be enforced in equity.—*Jenkins v. Harrison*, 66 Ala. 361.    The reformation of a conveyance is the " creation " of it.    Until reformed, it rests in unexecuted intention.—*Blodgett v. Hobert*, 18 Vt. 414 ; *Provost v. Rebman*, 21 Iowa, 419 ; *Chapman v. Fields*, 70 Ala. 405. In the case at bar, the appellants have no conveyance which *passes the legal title to the homestead.*    Such legal title is still in the appellee.    To grant the relief prayed in the bill, requires a *divestiture of such title out of appellee.*    That can be done only in one way—by the *voluntary signature and assent* of the *wife of the appellee* to a conveyance which is " *operative to pass the legal title.*"—*Jenkins v. Harrison, supra.*    What the Constitution and laws require to be *voluntarily done,* can not be accomplished through the compulsory powers of a court of equity.

SOMERVILLE, J.—The question raised by the record for our decision is, whether a court of equity will assume to rectify a *misdescription* of certain lands conveyed by a married man and his wife, which was intended by them to embrace their *homestead ;* the deed of mortgage which is sought to be reformed, having been executed with all the formalities required by statute.    In this State no mortgage, or other alienation of a homestead exemption, is valid without the voluntary signature and assent of the wife of the owner, which must be shown by the examination of the wife, separate and apart from the husband, had before an officer authorized by law to take acknowledgments of deeds, and must be certified by such officer in due form.—Code, 1876, § 2822.    It is settled law with us, that a conveyance of the homestead by the husband alone is void, in the absence of the wife's voluntary signature and assent, manifested in substantial accordance with the provisions of the

[Gardner & Gates v. Moore.]

statute. In this case, however, as we have said, no objection is taken to the mode or form in which the instrument is executed, which is in strict conformity to statutory requirements. The only point of contention is, that a court of equity has no power to reform the instrument by correcting a misdescription of the land, because that which is actually conveyed is different in description from that intended to be conveyed, and, it is insisted, that equity will not interfere in such a case, to rectify on the ground of mistake, especially as against a *feme covert*.

The objection is one supported by strong reason and respectable authority, and we were much disposed, at first consideration, to concur in it, as the chancellor seems to have done. After maturer study, however, we have reached the opposite conclusion, which we deem to be the better and more just view.

The rule may be conceded to be generally settled, both in England and in this country, that a court of equity will not intervene to decree the specific performance of an agreement made by a married woman during her coverture. Under the rules of the common law, she could not, by uniting with her husband in a deed of conveyance, bar herself, or her heirs, of her right of dower, or other interest in the real estate of her husband. Such a deed was absolutely void, as were her contracts generally, except those relating to her equitable separate estate, and a few others made in a trust capacity. Her only mode of conveying real estate was by uniting with her husband in the solemn proceeding of record known as fine and recovery.—*Martin v. Dwelly*, 6 Wend. (N. Y.) 9.

In obedience to these principles it has been held by this court, that the statute prescribes the only mode in which a married woman is authorized to convey her statutory separate estate, and that none other could. be substituted or recognized by the courts; and that equity would accordingly refuse to enforce as against her the specific performance of a defectively executed conveyance, although it might justly be regarded as an agreement by her to convey, but for the disability imposed by coverture.—*Blythe v. Dargin*, 68 Ala. 370. So, in a recent case, decided by this court, where an instrument was held defective and inoperative as a deed for want of delivery, but was deemed good only as a contract to convey by husband and wife, specific performance of it was refused after the death of the husband, against the objection of the surviving wife, as to the homestead of the parties.—*Jenkins v. Harrison*, 66 Ala. 345. See also *Butts v. Broughton*, 72 Ala. 294. The reason upon which the two cases are based is essentially the same—that a married woman has no authority, under the statutes of this State, to enter into an executory agreement to sell either her separate estate under the statute, or the homestead occupied by

herself and her husband.   No attempted conveyance of either
is binding on her unless it is executed with due formality, and
in substantial conformity to the requirements of the statute.
*Waddell v. Weaver*, 42 Ala. 293; Bish. on Mar. Wom. § 601;
*Cross v. Everts*, 28 Tex. 523; Thomp. Homest. & Exemp. §
491.   The wife possesses no authority to convey except in the
mode prescribed by the statute.   Her power to sell and convey
is a statutory power, and a court of equity has no jurisdiction
to aid the defective execution of such a power by supplying
elements of form made prerequisite by statute to its valid exe-
cution.—*McBryde v. Wilkinson*, 29 Ala. 662; *Tiernan v. Poor*,
19 Amer. Dec. 225, NOTE, p. 230; *Blythe v. Dargin*, 68 Ala.
370; *Gebb v. Howell*, 40 Md. 387.   For these reasons equity
will refuse to enforce the specific performance of a married
woman's contract to convey real estate, whether made alone or
by uniting with her husband, where her power to convey is
derived from the statute.   Nor will it any more intervene to
give effect to an instrument executed by her, which is inopera-
tive for want of compliance with a statutory requirement.
*Pilcher v. Smith*, 2 Head (Tenn.), 208; *Carr v. Williams*, 10
Ohio, 305; Contr. of Mar. Wom. (Kelly) 100–105; *Holland
v. Moon*, 39 Ark. 120.

The case at bar can scarcely be held to come within the fore-
going principle.   It is not a case of specific performance, nor
one where the jurisdiction of equity is invoked to correct any
defect in the form or mode of execution of the conveyance.
The mortgage sought to be reformed is executed and acknowl-
edged with every formality, and in the precise mode required
by statute; and the wife has given her voluntary signature and
assent to it by privy examination before the proper officer.   A
mistaken description only is sought to be corrected.   The tract
of land purporting to be conveyed, and described in the mort-
gage, is stated to contain one hundred and eighty acres, and is
described as including the family residence of the grantors,
their stables, and other improvements and buildings on said
lands.   The reformation in description, which is prayed for in
the bill, does not seek to increase the amount of these lands in
acreage, nor to locate them in a different section, but to correct
an admitted imperfection in the designation of it by erroneous
land numbers belonging to the same section.

We need not hold that equity will undertake to reform a con-
veyance by a *feme covert*, where the ratification sought requires
an order at the hands of the court for re-execution, or such refor-
mation operates strictly as the creation of a new conveyance.   It
may be admitted that, if this were a case of the latter kind, the
chancery court could not act upon the will of a married woman
by compelling her assent.   It would be absurd to say that this

[Gardner & Gates v. Moore.]

was a voluntary assent.—*Knowles v. McCamly*, 10 Paige, 342. Hence, it has been properly held that where the wife joins her husband in a deed, but her name is omitted from the granting clause, chancery will not correct the mistake in the instrument of conveyance by compelling ·the execution of a perfect deed. *Purcell v. Goshorn*, 17 Ohio, 105. The purpose here sought to be effected is simply to judicially determine what the parties have in truth and fact done, at least in equity—to insure, in other words, a more perfect identification of the premises, and not to change the subject-matter of the contract.—Lead. Cases in Eq. 1002. It is not the function of the equity of reformation to directly restore the grantee to the dominion and possession of the land inaccurately described, but " to place him in a position which enables him, if necessary, to assert his dominion and recover possession."—3 Pomeroy's Eq. Jur. § 1375.

It has been held in many adjudged cases that a court of equity will correct a mistake in the description of property contained in a deed executed by a married woman, although the authorities on this point are conflicting. . The rule has been declared by the Supreme Court of Indiana " to be a sound one, having its foundation in reason and principle." Such a reformation, it was said, created no new contract, and added no additional obligations. "It simply puts in the instrument what, in legal effect, was already there, the true description of the property. The instrument is only the evidence of the contract; and reforming the evidence so as to make it accurately and truly describe the property, is not making an executed contract out of an executory one." "Causing the true description to be written in the deed," it is added, " neither makes a new conveyance, nor alters an old one; it simply makes the conveyance effective by applying it to the property sold by one party and bought by the other."—*Styers v. Robbins*, 76 Ind. 547. In *Hamar v. Medsker*, 60 Ind. 413, the married woman's deed was perfect in the formality of execution, the only defect being in the description of the land sold and intended to be conveyed. The court there said : " By the reformation of the deed and the correction of the mistake, the object and policy of the statute are not contravened or thwarted. A deed has been executed by the wife, in conjunction with her husband, for the land intended to be conveyed. This satisfies the requirements of the statute, and the title of the purchaser ought not to be defeated in the description of the land to be thereby conveyed." See also *Carper v. Munger*, 62 Ind. 481.

In *Houx v. County of Bates*, 61 Mo. 391, where a county commissioner, in making sale of land under a statutory power, executed a conveyance in due accordance with the provisions of the statute, while it was admitted that a court of equity

[Barton v. Barton.]

could furnish no relief in aid of the defective execution of a statutory power, the court, on petition filed invoking its equity jurisdiction, allowed a mistake to be corrected in the deed, by which the property sold was misdescribed as certain "lots" instead of "blocks." It was thought that perfecting the identification of the land sold, by correcting the mistaken description, in no wise contravened either the letter or spirit of the statute, nor violated any principle of equity jurisprudence.

There are cases opposed to this view, but we are of opinion that they do not announce the better doctrine.—*Leonis v. Lazzarovich*, 55 Cal. 52; *Martin v. Hargardine*, 46 Ill. 322. We see no reason why a technical rule of law should be so far extended beyond the reason of its existence, as to facilitate the dishonest annulment of contracts, which are executed according to due forms of law, and are binding in equity and good conscience.

The decree of the chancellor is erroneous and must be reversed, and the cause remanded.

