# Brown *v.* Williams.

87  353
o122 194

87  353
129 179

*Application to correct Mistake in Description of Lands sold under Probate Dereee.*

1. *Correcting mistake in description of lands sold under probate decree.* Under statutory provisions (Code, 1886, §§ 2129-30; 1876, § 2472; 1867, § 2128), when a mistake has been made in the description of a decedent's lands sold under a probate decree, whether in the petition, order, or other proceedings, the court ordering the sale has authority to correct it, on the application of the purchaser, or any one claiming under him; and the provisions regulating the practice in such cases, as now of force, being remedial in their character, are applicable to sales made while the former statutes were in force.

2. *Same; effect of decree correcting mistake; defenses against.*—A decree correcting a mistake, under these statutory provisions, only has the effect of placing the parties in the same position they would have occupied if no mistake had occurred, but it gives no additional validity to the original order of sale; other defects in the order, or in the proceedings connected with it, assailing its validity, are no defense against the application; and the lapse of seventeen years since the sale, no adverse possession being shown, is no bar to a correction of the mistake.

3. *Costs, as against guardian ad litem.*—The rule of this court has always been, not to tax a guardian *ad litem* with costs, though he be the unsuccessful appellant.

APPEAL from the Probate Court of Pike.

Heard before the Hon. W. J. HILLIARD.

In the matter of the application of Jonathan Williams, for the correction of a mistake in the description of lands sold under a probate decree in 1871, as contained in the petition and order of sale. The lands had belonged to W. A. Carpenter, deceased, and were sold on the petition of his administrator, alleging (1) a deficiency of personal assets to pay debts, and (2) that the lands could not be equally divided without a sale. The petition for the correction of the mistake in the description of the lands was filed in March, 1888, the petitioner claiming under the sale as a sub-purchaser; and it was contested by Mrs. Ida Lee, a minor, who was the only child of said W. A. Carpenter, by M. P. Brown as her guardian *ad litem*. The defenses set up by the guardian *ad litem* were: 1st, that the application was barred by the statute of limitations; 2d, that the land was in fact not sold under said order, but under a subsequent order amending it (*Lee v. Williams*, 85 Ala. 189); 3d, that

the statute in force when the order was made did not author-
ize the court to correct it, and the statute now of force had
no retroactive operation; 4th, that the order of sale, and the
petition on which it was founded, were void on their face.
The court overruled each of these defenses, and rendered a
decree correcting the mistake in the petition and order of
sale.    The guardian *ad litem* excepted to the several rulings,
and also to the decree of the court, and he here assigns them
as error.

WATTS & SON, and J. E. P. FLOURNOY, for appellant,
cited *Lee v. Williams*, 85 Ala. 189; *Gillespie v. Nabors*,
59 Ala. 441; *Kidd v. Montague*, 19 Ala. 619; *Insurance
Co. v. Boykin*, 38 Ala. 510.

SOMERVILLE, J.—The present application is made to
the Probate Court, under the provisions of section 2129 of
the Code of 1886, for the purpose of correcting a mistake
in the description of certain lands sold under order of the
court, in the year 1871, at an administrator's sale.    The
lands were erroneously described as lying in section *36*,
township *9*, range 23.    The correct description sought to be
made places them in section *6*, township *8*, range 23.    The
application is made by one holding under the purchaser at
the sale, is verified by affidavit, and alleges substantially all
the facts required by the statute.    The jurisdiction here con-
ferred is analogous to that possessed by courts of chancery
to reform written instruments under the equity of reformation
and re-execution.  This jurisdiction of equity has, in this State,
been enlarged by statute, so as to authorize the reformation of
administrators' deeds, made under authority of the Probate
Court, so as to correct misdescriptions of the lands con-
veyed.—*Gancy v. Sykes*, 84 Ala 348; s. c., 76 Ala. 421.

To economize expense, it was provided as far back as 1852,
that a like jurisdiction might be exercised by the Probate
Court, where the lands of a decedent had been·sold *bona
fide* under its order, and possession accompanied the sale.
On application of the purchaser, or any person holding un-
der him, and after notice to the personal representative of
the decedent, the Probate Court was authorized, on proper
proof, to order title to be made to the applicant by such
representative, by proper description of the lands by the
corrected numbers.—Code, 1867, § 2128; Code, 1876,
§ 2472.   This section was amended by the act approved De-

[Brown v. Williams.]

cember 3, 1884, by authorizing a correction of a mistake in the description of *boundaries* as well as of numbers, and authorizing the appointment of a special administrator to represent the estate, where there was no administrator.—Acts, 1884-85, p. 76. The present Code (§ 2129) confers no new or additional jurisdiction, but is only more elaborate in explaining the details of such application, and the requisite proceedings under it. It authorizes the Probate Court to correct any such mistake in the description of lands sold under its order, "either in the petition, order or other proceedings," under like circumstances provided for by section 2128 of the Code of 1867. It also states the requisite contents of the application, and provides for notice to the heirs or devisees of the decedent, as well as to his personal representative, and for the appointment, in a proper emergency, of an administrator *ad litem* to represent the estate, as well as a guardian *ad litem* to represent the minor heirs.—Code, 1886, § 2129.

The whole purpose of such proceeding is to correct, by reformation, a mistake in *the description* of the lands sold, and to authorize such rectification of error by the execution of a new deed, conveying to the purchaser, or applicant, "the lands according to the description as corrected." Code, 1886, § 2130. It creates no new contract between the parties, and imposes no additional burdens or obligations. It merely reforms the record evidence, so as to make it speak the truth as to the real contract. The conveyance is only made effective by applying it to the property sold by one party and bought by the other, in accordance with the original and mutual intention of the contracting parties. The court thus, through the equity of specific performance, and sometimes by an application of the just doctrine of equitable estoppel, compels the seller, by re-execution of the conveyance, to convey to the purchaser a legal title, where before he only had an equitable one.—*Gardner v. Gales,* 75 Ala. 394; s. c., 51 Amer. Rep. 454; *Styers v. Robbins,* 76 Ind. 547; *Robertson v. Bradford,* 73 Ala. 116. But, as said by Mr. Pomeroy, "the reformation of a deed does not directly restore the grantee to the dominion and possession of the land which has been omitted; but it places him in a position which enables him, if necessary, to assert his dominion, and recover the possession."—3 Pom. Eq. Jur. § 1375.

There can be no doubt that the provisions of the statute

[Brown v. Williams.]

under consideration, with its several amendments as appearing in the present Code of 1886 (§ 2129), being remedial in their character, are all applicable to the case in hand, notwithstanding the sale of the lands in controversy was made in 1871—prior to the enactment of the amendatory features of the statute to which we have above alluded at some length. The jurisdiction conferred has been rather regulated by these amendments, than newly created, or materially enlarged. Code, 1867, § 2128; Code, 1876, § 2472; Acts 1884–85, p. 76; Code, 1886, § 2129.

The legal effect of such a proceeding, however, we repeat, is only to accomplish a single purpose. It only corrects the misdescription in the lands sold and conveyed, and places the purchaser, or applicant holding under him, in the same situation he would have been had the correct description been originally inserted in the petition, the order of sale, and the administrator's deed; or, in other words, in precisely the position he would have occupied had there been no misdescription in the lands sold. In other respects, the validity of the proceedings is unaffected. If the sale is void for want of proper jurisdictional averments in the petition, or because the lands sold belonged to minors, or persons of unsound mind, and the order of sale was made without taking proof, as in chancery cases, showing the necessity of the sale, as required by statute, or on any other ground than inaccuracy in the description of the lands, it is void still, notwithstanding the action of the court in making a correction of this particular error or mistake. The Probate Court, in exercising this limited jurisdiction to correct misdescriptions, must be confined to its statutory power, and has no authority to enter upon an investigation as to the validity of the order based on other grounds. All such inquiries are left open for consideration by the proper court, when the purchaser, or applicant, may undertake to assert his dominion over the lands by suit in ejectment, or otherwise. The validity of the sale may be then attacked on any other ground than error in the description of the lands, this inquiry alone being *res adjudicata* in any application made to the Probate Court under section 2129 of the Code (1886), and acted on favorably by that tribunal, as in the present case.

The applicant having been in possession of the premises— or, at least, there having been no adverse possession in hostility to the title—the lapse of seventeen years since the alleged mistake was committed constitutes no bar to its

[Knowles v. Street.]

correction.—*Harold v. Scott*, 72 Ala. 373; *Nabors v. Meredith*, 67 Ala. 333.

An application of these principles leaves no doubt of the fact that the Probate Court committed no error either in the rulings on the evidence, or in the decree rendered.

The judgment is accordingly affirmed.

NOTE.—On a subsequent day of the term the following opinion was delivered.

SOMERVILLE, J.—The judgment in this case will be corrected, so as to relieve the appellant of all liability for costs. The rule of this court has always been, not to tax a guardian *ad litem* with costs. On the authority of *Perryman v. Burgster*, 6 Por. 99, the judgment will be reversed and rendered, so as to make the correction indicated.