Mr. Chief Justice Alvey
delivered the opinion of the Court:
None of the deeds referred to in the bill were filed as exhibits therewith; and, of course, they do not constitute any part of the record before us on demurrer to the bill. Exhibits must be actually filed, as parts of the record, to be reached and brought under the consideration of the court, on demurrer to the bill or petition. A mere reference to records or to the registry of deeds, existing independently of the record of the particular cause, cannot be considered as bringing such records or deeds before the court, and making them parts of the bill. The record of each case must be complete of itself; and a mere reference to matters of record, whether under control of the court in other cases or proceedings, or to be found upon examination in some other office or place of depository, cannot be taken as a substitute for the actual filing and presentation of the matter referred to, and intended to be brought to the attention and consideration of the court. To enable the court to declare the construction, or to determine the question as to the due and legal execution of an instrument, the instrument itself, or copy thereof, should be presented to the court, as part of the record of the case. That was not done in this instance, and the defect in this particular was sufficient of itself to justify the court below in sustaining the demurrer to the bill.
But, waiving this defect in the presentation of the case, and taking the allegations of the bill as they stand, as to what the deeds were really intended to effectuate, the bill and amended bill wholly fail to present such a case as to justify the relief prayed for by the appellants.
1. The deed to Mrs. Lane, described in the bill, of the 21st of January, 1875, from Johnson was, in effect and contemplation of law, á conveyance of an estate from her husband, *227 Johnson being the mere medium for the transfer of the title from the husband to the wife. The property, therefore, was not acquired in a manner or from a source to make it her separate and absolute property within the meaning or contemplation of Section 727 of the Revised Statutes of the United States relating to the District of Columbia. She acquired the property as at common law, and held it subject to her common law disabilities, and could only convey it by the joint deed of herself and husband, and upon separate examination and acknowledgment, as prescribed by the statute. R. S. D. C., Secs. 450, 451, 452; Kaiser v. Stickney, 131 U. S., CLXXXVII; Hitz v.Jenks, 123 U. S., 297. The deed to the wife from the husband, through Johnson, the intermediary, vested in the wife the legal estate in the property; and though the deed was without pecuniary consideration, as alleged, is quite immaterial, provided the conveyance was not made in prejudice of the rights of subsisting creditors of the husband. That it was in prejudice of any such rights is not made to appear, and there is no creditor of the husband of Mrs. Lane setting up such claim of right as against the estate conveyed by the deed. The estate having become vested in Mrs. Lane, the wife, she could only convey it in the manner and with the formalities prescribed by the statute, for the conveyance of real estate by femes covert.
The deed, therefore, of Mrs. Lane executed to Carpenter, without the joinder of her husband, was simply void, and without any effect whatever. It was not executed and acknowledged as the law required, R. S. D. C., Secs. 450, 451, and equity does not interpose to afford aid and support to an invalid deed of a feme covert, made in disregard of the requirements of the statute. The cases are full and conclusive upon the subject, showing that defectively executed deeds by femes covert are wholly void, and therefore not to be aided or given effect by a court of equity. 2 Kent Comm., 169; Watrous v. Chalker, 7 Conn., 224; Mariner v. Saunders, 5 Gilm., 125: Barrett v. Tewksbury, 9 Cal., 13; Gebb v. Rose, 40 Md., 387; Gardner v. Moore, 75 Ala., 394; *228 same case, 51 Am. Rep., 454, and a full note to that case, where the authorities are collected. The same principle is fully sanctioned by the Supreme Court of the United States in the case of Drury v. Foster, 2 Wall., 24, 33.
2. Nor is there anything alleged that does or can operate as an estoppel upon George A. Lane, the grantee of the heirs at law of Rebecca M. Lane, nor upon his grantees, in favor of creditors of Carpenter. It is not alleged or pretended that George A. Lane was intended to be a party to the deed from his wife to Carpenter, and that his nonjoinder occurred by mistake or inadvertence; nor is it alleged or pretended that the appellants were creditors of Carpenter at'the time the property was attempted to be conveyed to Ella V. Lipscomb by Mrs. Lane, at the alleged instance of Carpenter. The property was never divested or transferred out of Mrs. Lane by any of the conveyances made, and the estate devolved upon her heirs; and Carpenter neither acquired legal nor equitable estate therein. If it be true, as alleged, that the consideration for the deed from Mrs. Lane to Carpenter was the release of a debt due Carpenter from the husband of Mrs. Lane, that attempted release simply failed of effect for want of consideration; the deed being void, furnished no consideration for the release of the debt.
3. But, apart from all grounds, and considerations in support of the demurrer to the bill, the defense relied on of laches and lapse of time, would seem to furnish a complete bar to the relief sought in this case. Mrs. Lane and Carpenter are both dead; the alleged attempted conveyance from Mrs. Lane to Carpenter occurred nearly seventeen years before the bill in this case was filed; and there is no allegation that Carpenter was ever let into the possession of the property; nor is it shown when the alleged debt due the appellants from Carpenter was contracted, or that it was in any manner contracted on the faith of any apparent ownership in Carpenter of the property in question. It is well settled that laches and undue lapse of time constitute a good defense in equity, and one that may be availed of by demurrer to the *229 bill. Maxwell v. Kennedy, 8 How., 210; Bank v. Carpenter, 101 U. S., 567; Lansdale v. Smith, 106 U. S., 391; Speidel v. Henrici, 120 U. S., 377, 387.
It follows that the decree appealed from must be affirmed; and it is so ordered, with costs to the appellees.

Decree affirmed.