# Vaughan *v.* Hudson, *et al.*

*Bill in Equity to correct Description of Land sold
under Probate Decree.*

1. *Jurisdiction of equity; bill to correct description of lands sold
under probate decree.*—Under the provisions of the statute,
a bill can only be maintained in a court of equity to correct
the description of lands sold under a decree of a court of
probate, when it is shown by proper allegation and proof
that the parties in interest had legal notice of the proceed-
ings under which the decree was rendered, that the lands
were sold for their full value, which has been fully paid to
the party entitled to receive it (Code, § 808); and, therefore,
where a bill filed for such purpose contains no averment
that the lands were sold for their full value, such bill is
insufficient and subject to demurrer.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellant, V.
A. Vaughan, against T. J. Hudson and others. It
was averred in the bill that after the death of R. H.
Hudson, T. J. Hudson, who was one of the heirs, and
as such the owner of an undivided interest in certain
specifically described lands, filed a petition in regular
and legal form in the probate court of Marengo county,
praying for the sale of a certain portion of said lands,
formerly owned by R. H. Hudson; that all the other
heirs of R. H. Hudson and parties having an interest
in any of said lands were made parties respondent to

this petition; that in accordance with the prayer of the said petition, the sale of the said lands was ordered and was duly and regularly made, and at the sale so ordered said lands were purchased by one W. R. Hudson; that a certain portion of the lands so purchased at the sale under the order of the probate court by said W. H. Hudson was purchased by the complainant in the present suit; that deeds were regularly made to Hudson and Hudson executed a deed to the complainant conveying a part of the lands which he had purchased. It was averred that the proceedings of the sale and the decree rendered therein and the report of the sale and confirmation thereof were all regular; that the price bid for the lands at the sale so ordered was paid and that the owners of said lands accepted the purchase money of said lands and applied it to their own use. It was then averred in the bill that in the petition filed in the probate court for the sale of said lands, in the decree of sale, in the deed made upon the confirmation of the sale and in the deed from the purchaser Burton to the complainant, there was a mistake made in the description of said lands; that the lands which were intended to be described in the petition and intended to be sold under the order and to be conveyed by the purchaser at said sale to the complainant were, by a clerical misprision, not properly described. It was further averred that an action of ejectment had been brought against the complainant to recover the lands which he had purchased from W. H. Hudson.

The prayer of the bill was for an injunction restraining the prosecution of the ejectment suit against the complainant, and that the clerical misprision in the description of said lands in the proceedings for the sale for partition in the probate court and the description as contained in the deed from Hudson to the complainant be corrected, so as to properly describe the lands which were intended to be sold.

The defendants demurred to the bill, among others, upon the following ground: "Said bill shows upon its face that the probate court of Marengo county, Alabama, was vendor in one of said sales, and fails to

aver that the said lands therein mentioned sold for their full value, which has been paid to the party or parties entitled thereto."

On the submission of the cause upon the demurrer, the chancellor rendered a decree sustaining it. From this decree the complainant appeals, and assigns the rendition thereof as error.

DEGRAFFENRIED & EVINS and J. M. MILLER, for appellant.—The petition sets out plainly the jurisdictional facts as required by law.—*Hillens v. Brinsfield*, 108 Ala. 614. The bill shows that the demurrants have received the fruits of this sale. They can not, therefore, be heard to question its validity.—*Goodman v. Winter*, 64 Ala. 410; *Nunn v. Norris*, 58 Ala. 202; *Bland v. Bowie*, 53 Ala. 152; *Bell v. Craig*, 52 Ala. 215; *Wright v. Ware*, 50 Ala. 549; *Robinson v. Pebworth*, 71 Ala. 247.

WILLIAM CUNNINGHAME, *contra*.—The demurrer interposed to the bill should have been sustained.—*Hutton v. Williams*, 35 Ala. 503; *Comer v. Hart*, 79 Ala. 389; *Lindsey v. Cooper*, 94 Ala. 170; *Bland v. Bowie*, 53 Ala. 152; *Ganey v. Sikes*, 76 Ala. 421; *Brown v. Williams*, 87 Ala. 353; *Dial v. Gambrel*, 28 So. Rep. 1.

TYSON, J.—It is clear from an examination of the act approved March 3, 1870, (Acts, 1869-70, p. 390), that it did not confer upon the chancery courts of this State the jurisdiction to correct mistakes in the description of lands sold by the probate court for partition among joint owners. There was no substantial change in this act in the codification of it in the Code of 1876.—§§ 3840-41. In the Codes of 1886 and 1896, the language is not only changed, but the scope of the act is enlarged, so as to confer upon chancery courts the jurisdiction to correct all errors, omissions or irregularities which may invalidate any decree rendered by the probate court in the sales of lands, if the parties in interest have had legal notice of the proceedings in which the decree was rendered, if it be shown that the lands were sold for their full value which has been

fully paid by the parties entitled to receive it.—Code of 1886, § 3539; Code of 1896, § 808.

We think it quite clear that under this section, the chancery court has jurisdiction to correct all errors of misdescription committed by the probate court in the sale of lands for partitions among joint owners, provided the other demands of the statute are shown to have been complied with by the averments of the bill.

The bill before us contains no averment that the land was sold for its full value. This was one of the grounds of the demurrer interposed to it.

Without the remedy afforded by this statute the chancery court would not have jurisdiction to correct the misdescription.—*Ganey* v. *Sikes,* 76 Ala. 421; *Brown v. Williams,* 87 Ala. 353; 15 Am. & Eng. Ency. Law (1st ed.), 676 and note 1.

Affirmed.