JOHN H. SILLIMAN ET AL. V. GREEN TAYLOR ET AL.

Decided April 14, 1904.

**1.—Mechanic's Lien—Mutual Mistake—Description of Property.**

The rule that equity will correct a mutual mistake in a voluntary contract applies to a mechanic's lien which described the property upon which the lien was given as situated on lot 8 instead of lot 7; and such correction may be had though the lien is given on the homestead with the wife's separate acknowledgment.

**2.—Same—Foreclosure.**

The fact that a mistake in a mechanic's lien which described the property as situated on lot 8 instead of lot 7, was not discovered until after judgment foreclosing the lien had been obtained and the property sold under such judgment, can not defeat plaintiff's right to have said mistake corrected and a foreclosure upon the property intended to be described in the lien.

**3.—Lien—Foreclosure.**

Suit for a debt and one to foreclose a lien given to secure the debt may be brought separately.

**4.—Practice on Appeal—Pleading—Amount of Indebtedness.**

Where the amount of indebtedness due by defendants was determined in a former suit the question will not be inquired into on a subsequent suit to correct the description of property mortgaged therefor and have a new foreclosure.

**5.—Pleading—Allegations—Assignment of Claims.**

Allegations in pleading held to show assignment of claims to plaintiff and hence a right to bring the suit.

Error to the District Court of·Anderson. Tried below before Hon. John Young Gooch.

*B. H. Gardner* and·*W. C. Campbell,* for plaintiffs in error.

*P. W. Brown,* for defendants in error.

PLEASANTS, ASSOCIATE JUSTICE.—Plaintiffs in error, J. H. Silliman, the Silliman Hardware and Grocery Company, and Jack Freeman, brought this suit against the defendants in error Green Taylor and Lutitia Taylor, to correct a mutual mistake in the description of the property covered by an instrument of writing creating a mechanic's lien executed by defendants in favor of plaintiff Jack Freeman. The petition alleges that the instrument creating the lien, by the mutual mistake of the parties thereto, described the property upon which the lien was given as lot No. 8 in block No. A2, subdivision A of the Texas Land Co.'s addition to the city of Palestine, when in truth and in fact the property upon which said lien was given and which was intended to be described in said instrument was lot No. 7 in said block, subdivision and addition to the city of Palestine. The instrument sought to be corrected and foreclosed is set out in the petition, and is in substance a building contract and mechanic's lien executed by plaintiff Jack Freeman and the defendants Green Taylor and Lutitia Taylor, whereby said plaintiff undertakes and agrees to furnish the labor and material necessary in the construction of certain improvements upon the homestead

of defendants which is described as being situated upon lot 8 above described, and the defendants, in consideration of the construction by said plaintiff of said improvements, agree and promise to pay him the sum of $230 with interest at the rate of 10 per cent per annum from October 15, 1901, payable in monthly installments of $10 each, with accrued interest, and 10 per cent attorney's fees in event suit became necessary to enforce payment. It further provides that failure on the part of defendants to pay any of said installments shall at the option of said Freeman or the holder of said obligation mature the whole amount of said indebtedness. To secure this indebtedness a builder's and mechanic's lien is expressly created and acknowledged upon the above described property. This instrument was executed on the 31st day of October, 1901, and was properly acknowledged by all of the parties thereto on the following day. The petition then alleges in substance that the said Jack Freeman fully performed his contract undertaking, and that the defendants thereby became liable and promised to pay him the sum of $230 in accordance with the terms of said contract; that thereafter Freeman transferred and assigned said contract and lien to plaintiff, the Silliman Hardware and Grocery Company, for the purpose of securing said company in an account for $105.31 due it by said Freeman for material furnished him in carrying out his said contract with defendants, and also securing the firm of Scott & Rucker, of Palestine, Texas, in the payment of an account for $91.53 for material furnished said Freeman in the performance by him of his said contract with the defendants; that said defendants failed to pay the installments as the same became due under said contract on January 15, 1902, and February 15, 1902, respectively, and said Silliman Hardware and Grocery Company being the legal holder of said indebtedness elected to declare the whole of said indebtedness due, and the defendants failing and refusing to pay same, said plaintiff filed suit thereon in the District Court of Anderson County on the 17th day of March, 1902, praying for judgment for the indebtedness aforesaid and for a foreclosure of said mechanic's lien; that judgment was rendered in said suit on July 31, 1902, in favor of plaintiff for the sum of $257, with interest thereon from date of said judgment at the rate of 10 per cent per annum and foreclosing the lien upon said lot No. 8 above described; that thereafter an order of sale was issued upon said judgment and said property was sold thereunder on October 8, 1902, and plaintiff J. H. Silliman became the purchaser thereof for the sum of $200, and the sheriff of Anderson County executed and delivered to him a deed therefor; that in making said purchase said plaintiff acted for his coplaintiffs, the Silliman Hardware and Grocery Company and Jack Freeman, and also for the said Scott & Rucker; that after his purchase at said sale he paid to Scott & Rucker the amount of their said claim, to wit, $91.53, to the Silliman Company $105.31, and for costs of court and attorney's fees $45.95, making a total of $242.79; that said judgment has been transferred to him and that he holds the same for said Jack Freeman and as security

for the sum paid out by him as aforesaid. It is further alleged that in each and all of the transactions above mentioned all of the parties intended and understood that said mechanic's lien was upon lot No. 7 as hereinbefore described, and not upon lot No. 8 as described in said lien, judgment and sheriff's deed; that both of said lots belonged to defendants at the time said lien was executed and constituted their homestead, but that No. 8 had no improvements thereon, and was not at that time and is not now worth exceeding $100, while lot No. 7 upon which said improvements were erected is worth with said improvements the sum of $330. It is further alleged that defendants are wholly insolvent; that after said sale under said judgment plaintiff J. H. Silliman was placed in possession of said lot No. 7, but that defendants having on January 20, 1903, discovered the mistake in the description of said property contained in said contract, judgment and sheriff's deed, have retaken possession of said premises and refuse to correct said mistake or surrender said premises to plaintiff. The plaintiffs offer to reconvey to defendants said lot No. 8, and pray that they have judgment correcting the mistake in said contract and judgment, and for equity and general relief.

The defendants excepted to this petition upon the following grounds:

1. Because it shows upon its face that a suit had previously been brought by one of the plaintiffs herein who was then the legal holder and owner of the contract sought to be corrected in this suit, and the lien created by said contract was foreclosed upon the property therein described, and plaintiffs are not now in law or equity entitled to have said judgment in said former suit changed and made to foreclose said lien upon a different lot or parcel of land from that described in said contract, it appearing that no other judgment could have been rendered in said former suit under the pleadings therein and that said judgment was therefore not rendered by mistake.

2. Because the contract sought to be corrected created a lien upon the homestead of defendants, and a contract of this character can not be corrected after it has been executed and delivered.

3. Because said petition does not show any assignment to plaintiff J. H. Silliman of the alleged accounts of the Silliman Hardware and Grocery Company and Scott & Rucker, or any right of subrogation in him.

4. Because the petition shows no privity of contract between J. H. Silliman, the Silliman Hardware and Grocery Company and Scott & Rucker and these defendants.

5. Because the costs and attorney's fees in the previous suit are not secured by the lien sought to be enforced in this suit.

These exceptions were all sustained by the trial court, and plaintiffs declining to amend their petition the suit was dismissed.

We think the petition shows a good cause of action and none of defendants' exceptions thereto should have been sustained.

The jurisdiction or power of courts of equity to relieve against mistakes

has always been recognized and frequently invoked, and it is familiar law that equity will correct an erroneous description of property contained in a voluntary conveyance whenever the misdescription is due to the mutual mistake of the parties to the instrument. The exercise of this power in the correction of a mutual mistake in the description of property contained in the deed of a married woman conveying her separate property or her homestead in no way conflicts with the Constitution or laws of this State prescribing the manner in which such conveyances shall be executed. The correction of such mistake does not in the least change the voluntary character of the conveyance nor lessen in the slightest degree the protection which our Constitution and statutes are designed to give to the separate property and homestead rights of married women. When a conveyance has been properly executed by a married woman the correction of a mutual mistake in the description of the property therein contained does not create a new contract, but merely makes the written evidence of the contract which has been legally executed speak the truth and conform to the intention of the parties, in order that injustice and fraud may be prevented. We think the facts alleged in plaintiffs' petition called for the application of the rule that equity will correct a mutual mistake. Avery v. Hunton, 56 S. W. Rep., 211; Gardner v. Moore, 75 Ala., 394; Hamar v. Medsker, 60 Ind., 413; Carper v. Munger, 62 Ind., 481; Styers v. Robbins, 76 Ind., 547; Society v Meeks, 66 Cal., 371; Stevens v. Holman, 44 Pac. Rep., 670; Christensen v. Hollingsworth, 53 Pac. Rep., 211.

The fact that the mistake was not discovered until after suit had been brought upon the contract and judgment obtained foreclosing the lien, and the property described in the contract had been sold under said judgment, can not defeat the plaintiffs' right to have said mistake corrected and a foreclosure of his lien upon the property intended to be described in said contract.

The plaintiffs offered to do equity in the matter by reconveyance of the property obtained by the sale under the judgment of foreclosure in the former suit, and it would violate no rule of law or equity to set aside the judgment in the former suit which foreclosed the lien upon the wrong property and to order a foreclosure upon the property intended to be described in the contract, and the sale of such property to satisfy said lien. It is well settled that a suit for the debt and one to foreclose a lien given to secure the debt may be brought separately.

The amount of the indebtedness due by the defendants was determined in the former suit and in the absence of allegations and proof of fraud that question can not be inquired into in this proceeding. The allegations as to the several amounts paid by plaintiff J. H. Silliman to his coplaintiffs and Scott & Rucker were made in order to show that he purchased the previous judgment for a valuable consideration, and are sufficient to show such privity between him and the defendants in the execution of the original contract as entitles him to maintain

this suit. The contract provided for the payment of attorney's fees, and such fees and the costs of the original suit were adjudged in said suit to be secured by the lien given by the contract and the correctness of that adjudication can only be attacked on the ground of fraud.

The judgment of the court below will be reversed and this cause remanded for a new trial, and it is so ordered.

*Reversed and remanded.*